# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

*********************************************

Century Surety Company,

        Plaintiff

v.                                                      1:25-cv-00425-LM-TSM

Acadia Insurance Company                    **Jury Trial Demanded**
a/s/o SBP Builders LLC and Acadia Insurance Company
a/s/o New England Truck Tire Centers, Inc. and
a/s/o ADS Properties, Inc.,

        Defendants

*********************************************

## ANSWER OF ACADIA INSURANCE COMPANY A/S/O SBP BUILDERS LLC AND ACADIA INSURANCE COMPANY A/S/O NEW ENGLAND TRUCK TIRE CENTERS, INC. AND A/S/O ADS PROPERTIES, INC.

NOW COMES Acadia Insurance Company a/s/o SBP Builders LLC ("SBP") and Acadia Insurance Company a/s/o New England Truck Tire Centers, Inc. and a/s/o ADS Properties, Inc. (Collectively "Defendants") and submit the following Answer and Affirmative Defenses to Century Surety Company's ("Century") Complaint for Declaratory Judgment:

1.      The Defendants admit the allegations in paragraph 1.

2.      The Defendants admit the allegations in paragraph 2.

3.      The Defendants deny the allegations in Paragraph 3.

4.      The Defendants lack sufficient information to attest to the accuracy of the allegations in Paragraph 4 and accordingly deny them.

5.      The Defendants admit the allegations in paragraph 5.

6.      The Defendants admit the allegations in Paragraph 6.

7.      The Defendants admit the allegations in Paragraph 7.

8.      The Defendants admit the allegations in Paragraph 8.

9.      The Defendants admit the allegations in Paragraph 9.

10.     The Defendants admit that SBP leased approximately 5,000 square feet of the 17,688 square foot facility located at 431-433 Cottage Street in Littleton, New Hampshire at the time of the fire.

11.     The Defendants admit the allegations in Paragraph 11.

12.     The Defendants admit the allegations in Paragraph 12.

13.     The Defendants admit the allegations in Paragraph 13.

14.     The Defendants admit the allegations in Paragraph 14.

15.     The Defendants admit the allegations in Paragraph 15.

16.     The Defendants admit the allegations in Paragraph 16.

17.     The Defendants admit the allegations in Paragraph 17.

18.     The Defendants admit the allegations in Paragraph 18.

19.     The Defendants admit the allegations in Paragraph 19.

20.     The Defendants admit the allegations in Paragraph 20.

21.     The Defendants admit the allegations in Paragraph 21.

22.     The Defendants admit the allegations in Paragraph 22.

23.     The Defendants admit the allegations in Paragraph 23.

24.     The Defendants admit the allegations in Paragraph 24.

25.     The Defendants admit the allegations in Paragraph 25.

26.     The Defendants admit the allegations in Paragraph 26.

27.     The Defendants admit the allegations in Paragraph 27.

28.     The Defendants admit the allegations in Paragraph 28.

29.     The Defendants admit the allegations in Paragraph 29.

30.     The Defendants admit the allegations in Paragraph 30.

31.     The Defendants admit the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 refer to a portion of the Century policy language. The Defendants incorporate the policy language in its entirety.

33.     The allegations in Paragraph 33 refer to a portion of the Century policy language. The Defendants incorporate the policy language in its entirety.

34.     The allegations in Paragraph 34 refer to a portion of the Century policy language. The Defendants incorporate the policy language in its entirety.

35.     The Defendants admit the allegations in Paragraph 35.

36.     The Crum & Forster policy speaks for itself.  Any allegations contrary to the policy language are denied.

37.     The Defendants admit the allegations in Paragraph 37.

38.     The Defendants admit the allegations in Paragraph 38. The allegations set forth against SBP in the Acadia action also fall squarely within the Classified Codes identified in the Century Policy classification Code (91583)(Contractors - subcontracted work – in connection with building construction, reconstruction, repair or erection – one- or two-family dwellings).

39.     The Defendants admit the allegations in Paragraph 39.

40.     The Defendants admit the allegations in Paragraph 40.  The foregoing Designated Operations endorsement further provides "coverage for any Operation(s), Premises or Project(s) not shown above can only be covered if agreed to, in writing, by us as evidenced by endorsement to this policy."

**FIRST CAUSE OF ACTION**
**(DECLARATORY JUDGMENT – LIMITATION OF COVERAGE TO DESIGNATED**
**OPERATIONS, PREMISES AND PROJECTS ENDORSEMENT**

41.     The Defendants repeat, reiterate and reallege each of the preceding paragraphs as if more fully set forth herein.

42.     The Defendants deny the allegations in Paragraph 42.

43.     The allegations in Paragraph 43 refer to a portion of the Century policy language. The Defendants incorporate the policy language in its entirety, including the language set forth in Paragraph 44.

44.     The Defendants admit the allegations in Paragraph 44.

45.     The Defendants admit the allegations in Paragraph 45.

46.     The Defendants deny the allegations in Paragraph 46 as worded.  The allegations in the Acadia action speaks for itself.

47.     The Defendants deny the allegations in Paragraph 47.

48.     The Defendants deny the allegations in Paragraph 48.

49.     The Defendants deny the allegations in Paragraph 49.

50.     The Defendants deny the allegations in Paragraph 50.

51.     The Defendants deny the allegations in Paragraph 51.

52.     The Defendants deny the allegations in Paragraph 52.

**SECOND CAUSE OF ACTION**
**(DECLARATORY JUDGMENT – DAMAGE TO PREMISES RENTED TO YOU LIMIT)**

53.     The Defendants repeat, reiterate and reallege each of the preceding paragraphs as if more fully set forth herein.

54.     The allegations in Paragraph 54 refer to a portion of the Century policy language. The Defendants incorporate the policy language in its entirety.

55.     The allegations in Paragraph 55 are denied as worded. The damages were caused by a fire at a 17,688 square foot facility. Only a portion of those premises were rented by SBP, approximately 5,000 square feet.

56.     The Defendants deny the allegations in Paragraph 56.

57.     The Defendants deny the allegations in Paragraph 57.

58.     The Defendants deny the allegations in Paragraph 58.

**BY WAY OF FURTHER ANSWER**, the Defendants state the following

**AFFIRMATIVE DEFENSES:**

1.     The Century Designated Operations Endorsement, CGL 1711 01 20 includes "all subcontracted work pertaining to these [real estate property management] operations." The Century policy provides coverage because SBP was engaged in subcontracted work for Century insured, SBP Property Management, LLC at the time of the fire.

2.     The Century Designated Operations Endorsement, CGL 1711 01 20 includes operations in addition to those identified in the Schedule, "if agreed to, in writing, by us [Century] as evidenced by endorsement to his policy." The Century policy includes a Schedule of Forms and Endorsements to which Century agreed in writing that includes the Century Surety Company Commercial General Liability Coverage Party Declarations, CGL 1500 04 07.

3.     The Century Surety Company Commercial General Liability Coverage Part Declarations expressly includes New Hampshire Classification Code (91583) which extends coverage to "Contractors - subcontracted work - in connection with building construction, reconstruction, repair or erection – one or two family dwellings." Endorsement CGL 1500 04 07.

4.      Pursuant to the Century Commercial General Liability Coverage Part Declarations, Century agreed to extend liability coverage to property damage arising out of "Contractors- subcontracted work- in connection with building construction, reconstruction, repair or erection – one or two family dwellings."

5.      The SBP operations which contributed to cause the underlying fire, fall squarely within the Century Designated Operations Endorsement for SBP Property Management, LLC's subcontracted work.

6.      The SBP operations which contributed to the underlying fire fall squarely within the Century Designated Operations Endorsement for "Contractors- subcontracted work-in connection with building construction, reconstruction, repair or erection – one or two-family dwellings." New Hampshire Classification Code 91583.

7.      The Century Sub-limit of $100,000 for fire damages to "premises rented to you" only applies to the approximate 5,000 square feet of the premises rented by SBP and not the remaining premises.

8.      Century Surety Company bears the burden of proof to establish the coverage defenses it has asserted.

9.      The insured defendant, SBP, is entitled to its attorneys' fees in this declaratory judgment action pursuant to RSA 491:22-b.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE, the Defendants respectfully request that this Court:

A.     Render a Declaratory Judgment Order declaring that the Commercial General Liability policy Century issued to SBP Builders LLC., policy no CCP1096813, provides coverage for the damages sought by Acadia in the underlying subrogation action;

B.     Declare that Century cannot sustain its burden of proof that its Designated Operations Endorsement is a bar to coverage;

C.     Declare that the Century policy Sub-limit for fire damage to premises "rented to you" applies only to the approximate 5,000 square feet of the premises rented by SBP and has no application to the remaining 12,688 square feet of damaged premises;

D.     Award SBP its attorneys' fees and costs pursuant to RSA 491:22; and

E.     Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Acadia Insurance Company
a/s/o SBP Builders LLC and Acadia
Insurance Company
a/s/o New England Truck Tire Centers, Inc.
and a/s/o ADS Properties, Inc.

By Its Attorneys,

Primmer Piper Eggleston & Cramer, PC

Dated: 1/23/2026          By:     /s/ Doreen F. Connor
                                  Doreen F. Connor, #421
                                  PO Box 3600
                                  Manchester, NH  03105
                                  603-626-3300
                                  Dconnor@primmer.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer was this day forwarded to all counsel of record via the Court's electronic filing system.

/s/ Doreen F. Connor
Doreen F. Connor