**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| CENTURY SURETY COMPANY,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ACADIA INSURANCE COMPANY AS ASSIGNEE OF SBP BUILDERS LLC AND ACADIA INSURANCE COMPANY A/S/O NEW ENGLAND TRUCK TIRE CENTERS, INC. AND A/S/O ADS PROPERTIES, INC.<br><br>　　　　　　　　　　Defendants. | Civil Action No.: 1:25-cv-00425-LM-TSM |

**JOINT DISCOVERY PLAN**
**Fed. R. Civ. P. 26(f)**

**DATE/PLACE OF CONFERENCE:**

Pursuant to Rule 26(f), the parties held a meeting on February 11, 2026.

**COUNSEL PRESENT/REPRESENTING**:

Counsel for Plaintiff Century Surety Company ("Century"):

Denise M. DePekary, Esq. (*pro hac vice*)
Weber Gallagher Simpson Stapleton Fires & Newby
Bedminster One
135 Route 202/206, Suite 2
Bedminster, New Jersey 07921
Phone: 908-340-0050
ddepekary@wglaw.com

Counsel for Defendants Acadia Insurance Company a/a/o SBP Builders LLC and Acadia Insurance Company a/s/o New England Truck Tire Centers and a/s/o ADS Properties, Inc.:

Doreen F. Connor, Esq.
900 Elm Street, 19th Floor
PO Box 3600
Manchester, NH 03105-3600
Phone: 603 626-1119
dconnor@primmer.com

## CASE SUMMARY

**THEORY OF LIABILITY**:

It is Century's position that: (1) SBP Builders, LLC ("SBP")  is not entitled to coverage under the Century Policy for the claims asserted against it in a recently-settled subrogation action, Acadia Insurance Company a/s/o New England Truck Tire Centers, Inc. v. SBP Builders, LLC ("Subrogation Action") which sought to recoup payments made under a policy issued by Acadia Insurance Company ("Acadia") to New England Truck and Tires Centers, Inc. ("NE Truck"); (2) SBP cannot satisfy the Insuring Agreement in the Century Policy based on the **LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS, PREMISES AND PROJECTS** endorsement; and (3) even if coverage were to apply under the Century Policy (which Century denies), the available limits for the claims associated with this subrogation action are limited to $100,000 pursuant to the Damage To Premises Rented To You Limit. Moreover, there may be an issue as to the reasonableness of the settlement in the subrogation action, which will be explored in discovery, and Century's claims will be amended by the deadline below if warranted based on information made available during discovery.

**THEORY OF DEFENSE**:

Century has erroneously denied coverage to SBP for damages it is legally obligated to pay Acadia Insurance Company a/s/o New England Truck Tire Centers, Inc.  The defendants maintain the designated operation exclusion does not preclude coverage because it extends coverage for all real estate property management activities including subcontracted work.  Additionally, coverage for additional operations may be granted if agreed to by Century in writing as evidenced by endorsement to the policy.  The Century Declaration page is an endorsement to the policy and that endorsement specifically represents that the policy covers the following operations: "Contractors – subcontracted work – in connection with building construction, reconstruction, repair or erection – one or two family dwellings."

Century has erroneously asserted its coverage limits are reduced to $100,000 based upon an exclusion for damages to premises rented to you as the defendants seek fire damage coverage to the premises SBP did not rent.  The defendants accept that coverage to the area rented by SBP is limited to $100,000.

The defendants maintain there is no issue concerning the reasonableness of the settlement.

**DAMAGES**: Acadia is seeking $1,000,000 from Century.

**DEMAND:** *due date  [NOTE:  need not be filed with the court.]*

**OFFER**:  *due date  [NOTE:  need not be filed with the court.]*

**JURISDICTIONAL QUESTIONS**: None.

**QUESTIONS OF LAW:**

- Whether SBP is entitled to coverage under the Century Policy for the claims asserted against it in the Subrogation Action;
- Whether the **LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS, PREMISES AND PROJECTS** endorsement precludes coverage for the claims asserted against SBP in the Subrogation Action;
- Assuming there is coverage under the Century Policy, whether the limits are $100,000 pursuant to the Damage To Premises Rented To You Limit; and
- To the extent it is determined that coverage is available under the Century Policy, whether the settlement in the Subrogation Action was reasonable.

**TYPE OF TRIAL:** Jury

### SCHEDULE

**TRACK ASSIGNMENT:**    STANDARD TRACK – 1 YEAR

**TRIAL DATE:**  *The parties shall set out an agreed trial date — adhering to time periods as mandated by the chosen track assignment –- using a preset jury selection day as provided on the court's website (www.nhd.uscourts.gov).  If the parties cannot agree on a date, they shall set out their respective proposed dates.*

March 16, 2027

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** *If defendant(s) claim that unnamed parties are at fault on a state law claim (see DeBenedetto v. CLD Consulting Engineers, Inc., 153 N.H. 793 (2006)), defendant(s) shall disclose the identity of every such party and the basis of the allegation of fault [no later than 30 days before the Joinder of Additional Parties deadline and 45 days before the Plaintiff's Expert Disclosure deadline].*

*Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.*

**AMENDMENT OF PLEADINGS:**

   Plaintiff: May 29, 2026          Defendant: June 29, 2026

**JOINDER OF ADDITIONAL PARTIES:**

   Plaintiff: May 29, 2026          Defendant: June 29, 2026

**THIRD-PARTY ACTIONS**: April 27, 2026

**MOTIONS TO DISMISS:** April 27, 2026

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

Plaintiff: August 31, 2026               Defendant: October 30, 2026

Supplementations under Rule 26(e) due: *time(s) or interval(s)*.

*[Advise the court whether the parties have stipulated to a different form of expert report than that specified in Fed. R. Civ. P. 26(a)(2).]*

**COMPLETION OF DISCOVERY:**
(1)  *Date all discovery complete [NOTE: no later than 60 days prior to trial date.]:*
    Discovery to be completed by January 15, 2027.

(2)  *Date for completion of discovery on issues for early discovery, if any.*

**MOTIONS FOR SUMMARY JUDGMENT***: due date [NOTE: no later than 120 days prior to trial date. The fact that the discovery deadline may postdate the summary judgment deadline is not a sufficient basis to request a continuance of the summary judgment deadline.]*

Motions for Summary Judgement to be filed on or before November 16, 2026.

**CHALLENGES TO EXPERT TESTIMONY:** *due date [NOTE: no later than 45 days prior to trial date.*   January 8, 2027

## DISCOVERY

**DISCOVERY NEEDED:**

*Plaintiff's Position:*

The subjects on which discovery will be needed by the Plaintiff include but are not necessarily limited to the following: the issuance of two policies to SBP Builders; contracts/agreements of SBP Builders and SBP Property Management; the investigation of the cause of the fire; the reasonableness of the settlement; discussions/documentation leading to the settlement and assignment.

*Defendants' Position:*

Defendants maintain that the two issues identified by Century in denying coverage and as pled in their Petition for Declaratory Judgment can be decided as a matter of law without discovery.  In the event discovery is required, the defendants maintain it should be tailored to the actions of SBP Builders for SBP Property Management. Plaintiff should not be allowed to seek discovery into the cause of the underlying fire, the reasonableness of the settlement and/or assignment as these issues are not relevant to their coverage denial.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):** *Advise the court whether the parties have stipulated to a different method of disclosure from that required by Fed. R. Civ. P. 26(a)(1) or have agreed not to require any Rule 26(a)(1) disclosures, and if so, in cases where ESI discovery is anticipated, advise how the parties will exchange information regarding the custodian(s) and location(s) of ESI in the absence of mandatory disclosures.*

The parties have agreed to exchange Fed. R. Civ. P. 26(a)(1) disclosures by March 26, 2026.

**INTERROGATORIES**: A maximum of <u>25</u> interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:**
A maximum of <u>25</u> requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:**
A maximum of <u>10</u> depositions by plaintiff and <u>10</u> by defendant(s). Each deposition is limited to a maximum of <u>7</u> hours unless extended by agreement of the parties.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

The parties do not anticipate discovery of electronically stored information ("ESI") given the limited scope of discovery proposed in this discovery plan.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

The parties propose that the production of privileged or work-product protected documents, electronically stored information (ESI), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

The parties propose that in the event a disclosing party inadvertently produces privileged materials, it will notify the requesting party of such disclosure as soon as it becomes aware of the inadvertent production. After the requesting party is so notified, it will return, sequester, or destroy all information and copies and will not disclose or use the information in the course of the litigation until the claim of privilege or protection as to trial preparation materials is resolved. The parties further propose that they will attempt to resolve disputes regarding the assertion of privilege between themselves. If they are unable to do so, the parties will file a motion with the Court for in camera review and a decision on the issue.

Nothing in this paragraph relieves the parties of their obligations under Rule 4.4(b) of the Rules of Professional Conduct for New Hampshire.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:**
- *(1)   is likely*
- *(2)   is unlikely*
- *(3)   cannot be evaluated prior to (date) X*
- *(4)   may be enhanced by ADR:*
    - *(a)   request to the court*
    - *(b)   outside source*

The parties participated in mediation sessions with Greg Clayton.  It is the Plaintiff's position that settlement possibilities may be revisited following fact discovery.

**JOINT STATEMENT RE: MEDIATION:**

The Parties participated in two mediation sessions with Greg Clayton of Clayton Mediation prior to the time Acadia filed its Answer to the Amended Complaint. If the Parties decide to pursue further mediation, they will notify the Court.

**TRIAL ESTIMATE:**  5-7 days

**WITNESSES AND EXHIBITS:** *[NOTE: no dates necessary. Due dates are as follows, and will be set by the clerk's notice of trial assignment.]*

- *Witness and exhibit lists, included in final pretrial statements, are due 10 days before final pretrial conference but not less than 30 days before trial.*
- *Objections are due 14 days after filing of final pretrial statements.*

**PRELIMINARY PRETRIAL CONFERENCE:** The parties *(request) (do not request)* a preliminary pretrial conference with the court before entry of the scheduling order. *[NOTE: THE PARTIES SHOULD PLAN TO ATTEND THE PRELIMINARY PRETRIAL CONFERENCE AS SCHEDULED UNLESS OTHERWISE NOTIFIED BY THE COURT.]*

**The Parties do not believe that a preliminary Pre-Trial Conference is necessary with the Court before the entry of the scheduling order.**

<div style="margin-left:50%">

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY, LLP**
*Attorneys for Plaintiff,*
*Century Surety Company*

By: /s/ *Denise M. DePekary*

Denise M. DePekary, Esq. (*pro hac vice*)
Bedminster One
135 Route 202/206, Suite 2
Bedminster, NJ 07921
(908) 340-0050
ddepekary@wglaw.com

</div>

Dated: February 25, 2026

**SULLOWAY & HOLLIS, P.L.L.C**
*Attorneys for Plaintiff*
*Century Surety Company*

By: /s/ *Sarah S. Murdough*
    Sarah S. Murdough, Esq., #10599
    9 Capitol Street
    Concord, NH 03301
    (603) 223-2800
    smurdough@sulloway.com

Dated: February 25, 2026

**PRIMMER PIPER EGGLESTON & CRAMER PC**
*Attorneys for Defendant,*
*Acadia Insurance Company and*
*SBP Builders LLC*

By: /s/ Doreen Connor
    Doreen F. Connor, Esq. #421
    PO Box 3600
    Manchester, NH 03105
    (603) 626-3300
    Dconnor@primer.com

Dated: February 25, 2026