**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Century Surety Company,

        Plaintiff

v.                                 1:25-cv-00425-LM-TSM

Acadia Insurance Company
a/a/o SBP Builders LLC and
Acadia Insurance Company
a/s/o New England Truck Tire Centers, Inc. and
a/s/o ADS Properties, Inc.,

        Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ACADIA INSURANCE COMPANY AND SBP BUILDERS LLC'S MOTION FOR SUMMARY JUDGMENT

1. Century Surety Company ("Century") filed this Petition for Declaratory Judgment, seeking a Declaration that: (1) SBP Builders LLC ("SBP Builders") and Acadia Insurance Company ("Acadia"), as assignee of SBP Builders, are not entitled to coverage under the insurance policy issued by Century to SBP Builders for a judgment entered against it in a subrogation action styled Acadia a/s/o New England Truck v. SBP Builders et. al., which was filed in the United States District Court of New Hampshire, Index No. 25-cv-92 TSM (the "Acadia Action" or "Complaint") to recoup the payments made under a policy issued by Acadia to New England Truck and Tires Centers, Inc. ("NE Truck"); that (2) SBP Builders cannot satisfy that the risk presented in the subrogation action and entered as a judgment is a risk contemplated by the Century Policy based on the **LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS, PREMISES AND PROJECTS** endorsement;

1

and that (3) even if coverage were to apply under the Century Policy (which Century denies), the available limits for the claims associated with the Acadia Action are limited to $100,000 pursuant to the Damage To Premises Rented To You Limit contained in the Century Policy.  SMF Ex. A, *generally*.

2. This matter arises out of a fire which took place on March 13, 2023, at the premises located at 433 Cottage Street, Littleton, New Hampshire (the "Premises"), at approximately 11:00 pm, causing extensive property damage. SMF Ex. A, ¶ 9. See also, SMF Ex. C ¶ 12-14.

3. At the time of the fire, SBP Builders leased space at 431-433 Cottage Street, Littleton, New Hampshire from ADS Properties, Inc. ("ADS"), the building owner. SMF Ex. A, ¶ 11; See also, SMF Ex. M, Deposition Exhibit 1.

4. ADS is the owner of record of both 431 and 433 Cottage Street, Littleton, New Hampshire. SMF Ex. C, ¶ 8.

5. New England Truck Tire Centers Inc. ("NE Truck") was the tenant of record at 431 Cottage Street, Littleton, New Hampshire, and was insured by Acadia pursuant to a commercial property insurance policy. SMF Ex. A, ¶ 12.  See also, SMF Ex. I., Recitals and SMF Ex. G.

6. Acadia issued a commercial property policy to NE Truck and paid approximately $2,000,000 to NE Truck and ADS for the damage sustained to the properties located at 431 and 433 Cottage Street, Littleton, New Hampshire. SMF Ex. A, ¶ 12.  See also, SMF Ex. I., Recitals and SMF Ex. G.  ADS and NE Truck sustained in excess of $309,500 in uninsured losses.  SMF Ex. G.

7. On or about March 3, 2025, Acadia filed a subrogation action against SBP styled <u>Acadia a/s/o New England Truck v. SBP Builders et. al.</u>, which was filed in the United States District Court of New Hampshire, Index No. 25 cv 92 TSM (the "Acadia Action" or "Complaint") to recoup the payments made to NE Truck under the Acadia Policy. SMF Ex. B.

8. On September 18, 2025, Acadia Insurance Company a/s/o New England Truck Tire Centers, Inc. and Acadia Insurance Company a/s/o/ ADS Properties, Inc. and NE Truck and ADS Properties, Inc. filed a Second Amended Complaint against SBP Builders. The Second Amended Complaint added Acadia Insurance Company a/s/o ADS Properties, Inc. and ADS Properties, Inc. ("ADS") as plaintiffs. SMF Ex. C, *generally*.

9. In the Complaint, it was alleged that on March 13, 2023, SBP Builders was engaging in work at 433 Cottage Street, Littleton, New Hampshire, which involved painting and staining doors and trim woodwork in its woodshop, using Old Masters oil-based wood stain. SMF Ex. C, ¶ 12.

10. The Complaint alleges that SBP Builders failed to properly dispose of the rags used in connection with this work which resulted in the rags "self-heating" and igniting causing fire damage to the Premises.

11. The Second Amended Complaint alleged negligence for failure to properly dispose of the rags; failure to properly train, supervise workers; resulting in damage to the building, contents, loss of rents, business income, demolition/clean up. SMF Ex. C, ¶¶ 22-24.

12. The Second Cause of Action alleges that on or about October 18, 2016, ADS and SBP Builders entered into a Real Estate Lease for the tenancy of 433 Cottage Street, Littleton, New Hampshire. SMF Ex. C, ¶ 26.

13.  Acadia, NE Truck and ADS alleged that they have been subjected to losses, claims, liabilities, and expenses due to SBP Builders' negligence at 433 Cottage Street, Littleton, New Hampshire on March 13, 2023, and they sought "full contractual indemnity and to judgment over and against SBP Builders for its damages." SMF Ex. C, ¶ 27-29.

14. While applying the oil-based stain, it was alleged that SBP Builder's employee failed to properly discard oil-saturated stain rags and materials and instead discarded the used materials on the floor along the right-hand wall of its workshop at the Premises. SMF Ex. C, ¶ 13-14.

15. As a result of the negligent disposal of the materials, a fire broke out at the property on March 13, 2023, at approximately 11:00 pm, causing extensive property damage.  SMF Ex. A, ¶ 10;  See also, SMF Ex. C, ¶ ¶ 15-16.

16. SBP Builders LLC, SBP Property Management, LLC and SBP Investment Property LLC are limited liability companies owned by Stanley Barrows Parker III (jointly referred to as the "Parker LLC's").  SMF Ex. I.

17. After Century continued to deny coverage to SBP Builders, Acadia resolved the Acadia Action with the Parker LLC's and Crum and Forster, ("C&F") another insurer of SBP Builders, on November 3, 2025.

18. As part of the settlement agreement, Acadia received C&F's $1,000,000 policy limit payment under Policy Number BAK-53731-4 issued to the Parker LLC's. SMF Ex. I.

19. As part of the settlement agreement, the Parker LLC's agreed to assign to Acadia "any and all of the rights Parker LLC's have or may have in the Century Surety Company policy of insurance number CCP 1096813, with Commercial General Liability Coverage limits of $1,000,000." SMF Ex. I, ¶ 3.

20. The Parker LLC's agreed that "SBP Builder LLC agrees to allow judgment to be entered against them in the Lawsuit in the amount of $2,000,000 and will cause to be filed with the court the stipulated judgment…" SMF Ex. I, ¶ 3.

21. The Parker LLC's stipulated that the three Parker LLC's all worked out of the 433 Cottage Street, Littleton, New Hampshire location. SMF Ex. I, Recitals.

22. Of the Parker LLC's, SBP Builders stipulated that it was the tenant of ADS at 433 Cottage Street, Littleton, New Hampshire. SMF Ex. I, Recitals.

23. The release stipulated that the total damages asserted by the Plaintiffs was in excess of $2,300,000. SMF Ex. I, Recitals.

24. The release stated that it was the intent of the Releasors to challenge the legality of Century Surety Company's coverage disclaimer within the context of this Petition for Declaratory Judgment. SMF Ex. I, ¶ 8.

25. A Stipulation for Entry of Judgment was filed on December 8, 2025, in the amount of $2,000,000.  SMF Ex. J.

26. This Court issued Judgment against SBP Builders LLC in the amount of $2,000,000 on December 11, 2025, as approved by Chief Judge Samantha Elliot. SMF Ex. K.

27. Century has continued to deny coverage to Acadia, as assignee of SBP Builders, for the judgment entered against SBP Builders as demonstrated by the filing of the subject Petition for Declaratory Judgment. SMF Ex. A, *generally*.

28. The Century policy was issued not only to SBP Builders but also to a companion company, SBP Property Management ("SBP Management"). SMF Ex. D, Commercial General Liability Coverage Part Declarations.

29. The Century Declaration page establishes the limits of liability coverage of $2 million subject to a $1 million per occurrence limit.  SMF Ex. D, Commercial General Liability Coverage Part Declarations.

30. The Declaration page establishes there is a $100,000 limit for any one fire/occurrence for damage to premises rented to you.  SMF Ex. D, Commercial General Liability Coverage Part Declarations.

31. The Century insuring agreement states that it will pay those sums that an insured, SBP Builders or SBP Management, becomes legally obligated to pay as damages because of property damage to which the insurance applies.  SMF Ex. D, Form Number CG 00 01 04 13, Page 1 of 16.

32. Acadia is entitled to the coverage limits of the policy issued to SBP Builders and SBP Management by Century and Century has erroneously denied coverage to SBP Builders and Acadia as assignee of SBP Builders, for damages it is legally obligated to pay as a result of the entry of Judgment against SBP Builders.

## STANDARD OF REVIEW

33. Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When ruling on a party's motion for summary judgment, the court must view the entire record in light most favorable to the party opposing summary judgment, including all reasonable inferences in that party's favor.  Pimental v. Dartmouth-Hitchcock Clinic, 236 F.Supp.2d 177, 179 (D.N.H. 2002).

34. Summary judgment is a procedure that involves shifting burdens between the moving party and the nonmoving parties.  Id.  The moving party bears the initial burden of establishing

6

that there is no genuine issue of material fact. Id. If that burden is met, the opposing party can avoid summary judgment only by providing properly supported evidence of disputed material facts that would require trial. Id. If the nonmoving party cannot meet its burden, then the moving party is entitled to summary judgment as a matter of law. NPC, Inc. v. International Precast Supply, Inc., 337 F.Supp.2d 378, 380 (D.N.H. 2004). In other words, summary judgment is appropriate when no jury could return a verdict for the nonmoving party. Trombley v. New England Telephone & Telegraph Co., 89 F.Supp.2d 158, 162 (D.N.H. 2000).

35. A genuine issue is one that properly can be resolved only by a finder of fact because it may be reasonably resolved in favor of either party. NPC, Inc., 337 F.Supp.2d at 379. A material fact is one that affects the outcome of the suit. Id. at 379–80. If, however, the nonmoving party's evidence is merely colorable or is not significantly probative, no genuine dispute as to a material fact has been proved and summary judgment may be granted. Pimental, 236 F.Supp.2d at 179.

## ARGUMENT

### COUNT-I

36. The designated operation exclusion endorsement does not preclude coverage because it extends coverage for all real estate property management activities including subcontracted work, including the work performed in relation to the fire. SMF Ex. D., Limitation of Coverage to Designated Operations, Premises and Projects endorsement.

37. Coverage for additional operations may also be granted if agreed to in writing by Century. SMF Ex. D., Limitation of Coverage to Designated Operations, Premises and Projects endorsement.

7

38. The Century Declaration page is an endorsement to the policy and that endorsement specifically states that the policy covers the following operations: "Contractors – subcontracted work – in connection with building construction, reconstruction, repair or erection – one or two family dwellings."

39. Century Surety Company Commercial General Liability Coverage Part Declarations, form number CGL 1500 04 07, identifies the three operations identified on the Designated Operations endorsement, listed as Lawn Care Services, Real Estate Property Managed, and Snow and Ice Removal- Contractor.  These classifications include work performed by SBP Management as part of its residential property management business. SMF Ex. M, Page 7, Lines 9-16 to Page 8, Line 21.

40. In addition, the Declarations also identify Classification code "91583—Contractors-subcontracted work-in connection with building **construction, reconstruction, repair** or erection-one- or two family dwellings" (emphasis added).

41. SBP Builder's staining and construction work is expressly identified as an operation which Century agreed in writing to cover as evidenced by the Policy Declarations attached to and specifically identified in the policy.

42. Classification code 91583 includes the operations that SBP Builders was engaged in as part of its commercial and residential construction business. SMF Ex. M, Page 7, Lines 9-16 to Page 8, Line 21.

43. Since Century intended to cover the activities of its named insured, SBP Builders, and since Century agreed to provide that coverage in writing, Century cannot, as a matter law, establish that coverage is not triggered and SBP Builders and Acadia, as its assignee, are

entitled to judgment as a matter of law that coverage is not excluded by the Limitation of Coverage to Designated Operations, Premises and Projects endorsement.

## **COUNT-II**

44. Century has also erroneously asserted that to the extent coverage is triggered, that its coverage limits are reduced to $100,000 based upon an exclusion for damages to "premises rented to you" as the Respondents seek fire damage coverage to a premises SBP Builders did not rent.

45. The Respondents accept that coverage to the area rented by SBP Builders is limited to $100,000 but contend that coverage to the portions of the property not rented by SBP Builders is only limited by the general $1,000,000 per occurrence $2,000,000 aggregate policy limit.

46. Acadia is entitled to Summary Judgment because there are no material facts in dispute and the facts and case law establish that coverage is triggered under its policy.

47. Century intended to provide coverage for the contractor related services, unless otherwise excluded by the numerous construction-related endorsements on the policy.

48. Century is therefore unable, as a matter of law, to establish that coverage does not apply and therefore Acadia is entitled to summary judgment in finding that coverage for SBP Builders and Acadia, as its assignee, is triggered.

49. While coverage to 433 Cottage Street is limited to $100,000, the only limitation for coverage for damage to 431 Cottage Street is the general $1,000,000 policy limit on the Century policy.

50. There are no material facts in dispute and Acadia is therefore entitled to Summary

Judgment in declaring that coverage for damage to 431 Cottage Street is triggered, up to

$1,000,000.


WHEREFORE, for the reasons set forth above, Acadia respectfully requests that this Court

enter Summary Judgment in favor of Respondents, and for such other and further relief as this

Court deems just and proper.

<div style="margin-left: 50%;">

Respectfully submitted,
Acadia Insurance Company a/a/o
SBP Builders, LLC and Acadia Insurance
Company a/s/o New England Truck Tire
Centers, Inc. and a/s/o ADS Properties, Inc.,

By Its Attorneys,
Primmer Piper Eggleston & Cramer, PC

</div>

Dated: May 5, 2026                    By:    /s/ Doreen F. Connor
                                             Doreen F. Connor, #421
                                             PO Box 3600
                                             Manchester, NH  03105
                                             603-626-3300
                                             Dconnor@primmer.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion for Summary Judgment was this day forwarded to all counsel of record via the Court's electronic filing system.

/s/ Doreen F. Connor
Doreen F. Connor