# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| |
|---|
| CENTURY SURETY COMPANY, |
| Plaintiff, |
| v. |
| SBP BUILDERS LLC AND ACADIA INSURANCE COMPANY A/S/O NEW ENGLAND TRUCK TIRE CENTERS, INC. AND A/S/O ADS PROPERTIES, INC. |
| Defendants. |

Civil Action No.:

**JURY TRIAL DEMAND**

### DECLARATORY JUDGMENT COMPLAINT

1. Plaintiff, Century Surety Company ("Century") brings this Declaratory Judgment Action pursuant to the federal Declaratory Judgment Act, 28 U.S.C §2201-02, against Defendants, SBP Builders LLC ("SBP") and Acadia Insurance Company a/s/o New England Truck Tire Centers, Inc. and a/s/o ADS Properties, Inc. ("Acadia"), (collectively "Defendants"), and alleges as follows:

### INTRODUCTION

2. This is an action seeking to resolve matters of actual controversy as to the rights and obligations of the parties in connection with an insurance policy issued by Century to its insured SBP.

3. Century seeks a declaration that: (1) SBP is not entitled to coverage under the insurance policy issued by Century to SBP for claims asserted against it in a subrogation action styled Acadia a/s/o New England Truck v. SBP Builders et. al., which is filed in the United States District Court of New Hampshire, Index No. 25 cv 92 TSM (the "Acadia Action" or "Complaint") to recoup the payments made under a policy issued by Acadia to New England Truck and Tires Centers, Inc. ("NE Truck"); (2) SBP cannot satisfy the Insuring Agreement in the Century Policy

1

based on the **LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS, PREMISES AND PROJECTS** endorsement; (3) even if coverage were to apply under the Century Policy (which Century denies), the available limits for the claims associated with the Acadia Action are limited to $100,000 pursuant to the Damage To Premises Rented To You Limit contained in the Century Policy

## THE PARTIES

4. Century is a nongovernmental corporation organized and existing under the laws of the State of Ohio with its principal place of business in the State of Michigan.

5. Based on information and belief, SBP is a New Hampshire limited liability corporation with a principal place of business located at 244 Main Street, Littleton, New Hampshire.

6. Based on information and belief, Acadia is a corporation duly organized under the laws of the State of Iowa, with a principal place of business located at One Acadia Commons, Westbrook, Maine.

## JURISDICTION AND VENUE

7. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the parties involved are citizens of different states or countries.

8. Venue properly rests in the District of New Hampshire pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

### A. The Acadia Action

9. This matter arises out of a fire which took place on March 13, 2023 at premises located at 431 Cottage Street, Littleton, New Hampshire (the "Premises").

2

10.     On March 13, 2023, at approximately 11:00 pm, a fire broke out at the Premises causing extensive property damage.

11.     At the time of the fire, SBP leased space at the Premises from ADS Properties, Inc. ("ADS"), the building owner.

12.     Acadia issued a commercial property policy to NE Truck and allegedly paid approximately $2,000,000 to NE Truck for the damage sustained to the Premises ("Acadia Policy").

13.     On or about March 3, 2025, Acadia filed a subrogation action against SBP styled Acadia a/s/o New England Truck v. SBP Builders et. al., which is filed in the United States District Court of New Hampshire, Index No. 25 cv 92 TSM (the "Acadia Action" or "Complaint") to recoup the payments made to NE Truck under the Acadia Policy. A copy of the Complaint is attached as **Exhibit A**.

14.     The Complaint alleges that on March 13, 2023, SBP was painting/staining doors and trim work in their "shop" at the Premises and was using an oil-based wood stain.

15.     The Complaint alleges that SBP failed to properly dispose of the rags used in connection with this work which resulted in the rags "self-heating" and igniting causing fire damage to the Premises.

16.     The Complaint alleges negligence for failure to properly dispose of the rags; failure to properly train, supervise workers; resulting in damage to the building, contents, loss of rents, business income, demolition/clean up.

17.     Following the fire, a "cause and origin" investigation was conducted and it was concluded that the fire started in that portion of the Premises leased to SBP due to oily rags being left in an area near extension cords. It was also determined that the Premises did not have a fire suppression or fire alarm system at the time of the loss.

18.     On June 30, 2025, Acadia Insurance Company a/s/o New England Truck Tire Centers, Inc. and NE Truck filed an Amended Complaint against SBP.  A copy of the Amended Complaint is attached as **Exhibit B**.  NE Truck was added as a plaintiff. The Amended Complaint alleges that in addition to the losses covered by Acadia, NE Truck incurred uninsured and underinsured damages caused by the fire.

19.     Most recently, on September 18, 2025, Acadia Insurance Company a/s/o New England Truck Tire Centers, Inc. and Acadia Insurance Company a/s/o/ ADS Properties, Inc. and NE Truck and ADS Properties, Inc. filed a Second Amended Complaint against SBP.  A copy of the Second Amended Complaint is attached as **Exhibit C**. The Second Amended Complaint added Acadia Insurance Company a/s/o ADS Properties, Inc. and ADS Properties, Inc. ("ADS") as plaintiffs.

20.     The Second Cause of Action alleges that on or about October 18, 2016, ADS and SBP entered into a Real Estate Lease for the tenancy of 433 Cottage Street, Littleton, New Hampshire.  The Real Estate Lease allegedly contains an indemnification provision, which provides that SBP agrees to "indemnify, hold harmless, and defend [ADS] from and against any and all losses, claims, liabilities, and expenses, including reasonable attorney fees, if any, which [ADS] may suffer or incur in connection with [SBP's] possession, use, misuse of the Premises…" Acadia a/s/o ADS Properties, Inc. and ADS allege that they have been subjected to losses, claims, liabilities, and expenses due to SBP's negligence at 433 Cottage Street, Littleton, New Hampshire on March 13, 2023, and they seek "full contractual indemnity and to judgment over and against  SBP for its damages."

**B. Coverage Position Letters**

21.     On May 9, 2023, an initial coverage position letter was sent to SBP on behalf of Century.  A copy of the May 9, 2023 correspondence is attached as **Exhibit D**.

22.     Century was provided with notice of the Acadia Action and a copy of the Complaint on or about April 28, 2025. A copy of Century's receipt of the Complaint is attached as **Exhibit E**. Century was not provided notice of the Amended or Second Amended Complaints.

23.     On June 4, 2025, a supplemental coverage position letter was issued on behalf of Century to SBP.  A copy of the June 4, 2025 correspondence is attached as **Exhibit F**.

24.     On July 30, 2025, counsel for SBP made a "policy limits" demand to defense counsel for SBP. The e-mail correspondence provided that Acadia's loss to date totals approximately $2,357,805.99 and that a "time-sensitive demand" "was issued to both Crum [&] Forster and Century Insurance that they tender policy limits in full and final settlement of this matter." A copy of the July 30, 2025 e-mail correspondence is attached as **Exhibit G**.

25.     On September 2, 2025, counsel for Century responded to the July 30, 2025 email correspondence. Century  continued to reserve its right to disclaim coverage to SBP with respect to the Acadia Action and noted that Acadia's contention that the Century Policy has $1,000,000 limits of coverage available to SBP was incorrect because any available coverage, which Century disputes, would be subject to the $100,000 policy limits as set forth in **SECTION III-LIMITS OF INSURANCE** of the Century Policy and would be excess to the C&F Policy. A copy of the September 2, 2025 correspondence is attached as **Exhibit H**.

### C.  THE CENTURY POLICY

26.     Century issued a commercial general liability policy to SBP Builders and SBP Property Management under policy number CCP1096813, for the November 1, 2022 to November 1, 2023 policy period (the "Century Policy").  A copy of the Century Policy is attached as **Exhibit I**.

27.     The Century Policy has a $100,000 limit on Damage to Premises Rented to You "any one fire/occurrence/any one person."

28.     The Century Policy contains the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM** (CG 00 01 04 13), which includes the following Insuring Agreement and Definitions:

> **SECTION I - COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement:**
>
> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…
>
> *      *      *
>
> **SECTION V- DEFINITIONS**
>
> * * *
>
> **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> * * *
>
> **17.** "Property damage" means:
>   **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>   **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
>
> For the purposes of this insurance, electronic data is not tangible property.
>
> As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CDROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

29.     The Century Policy contains the **LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS, PREMISES OR PROJECTS** endorsement (CGL 1711 0120) that provides in part:

**SCHEDULE**

| |
|---|
| **Operation(s): Insured provides lawn care services, snow and ice removal and real estate property management including all subcontracted work pertaining to these operations.** |
| **Premises:** |
| **Project(s):** |

**A.** If this endorsement is attached to Commercial General Liability Coverage Form **CG 0001**, then the provisions under this paragraph **A.** apply.

  **1.** Paragraph **1.b** under Section **I** – Coverages, Coverage **A** – Bodily Injury and Property Damage Liability is deleted in its entirety and replaced with the following:

  **b.** This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

    **(1)** The "bodily injury" or "property damage":

      **(a)** Arises out of any operation(s) shown in the Schedule above; and

      **(b)** Occurs on the premises, if scheduled above, or the grounds and structures appurtenant to those premises; and

      **(c)** Arises out of any project(s), if scheduled above; and

    **(2)** The "bodily injury" or "property damage" occurs during the policy period;

\*     \*     \*

**Coverage for any Operation(s), Premises, or Project(s) not shown above can only be covered if agreed to, in writing, by us as evidenced by endorsement to this policy.**

\*     \*     \*

7

### D.  THE CRUM & FORSTER POLICY

30.     SBP was insured under a separate Commercial General Liability policy issued by Crum & Forster Specialty Insurance Company ("Crum & Forster") under policy number BAK-53731-4, for the August 23, 2022 to August 23, 2023 policy period (the "C&F Policy").  A copy of the C&F Policy is attached as **Exhibit J**.

31.     The C&F Policy was issued to insure SBP's "contractor business" and "residential carpentry contractor exposure and subcontractor exposure."

32.     The C&F Policy's Declarations indicates scheduled operations for various construction activities, including, but not limited to, carpentry interior (91341), carpentry (91342), painting – exterior- buildings or structures- three stories or less in height (98304), and painting-interior-buildings or structures (98305).

33.     The allegation set forth against SBP in the Acadia Action fall squarely within the foregoing activities covered under the C&F Policy.

34.     Based on information and belief, Crum & Forster is providing a defense to SBP in connection with the Acadia Action.

**FIRST CAUSE OF ACTION**
**(DECLARATORY JUDGMENT – LIMITATION OF COVERAGE TO DESIGNATED**
**OPERATIONS, PREMISES AND PROJECTS ENDORSEMENT)**

35.     Century repeats, reiterates and realleges each of the preceding paragraphs as if more fully set forth herein.

36.     Century seeks a judicial determination that it is not obligated to provide SBP with a defense and indemnification under the Century Policy for the allegations set forth against SBP in the Acadia Action.

37.     The Century Policy contains a **LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS, PREMISES AND PROJECTS** endorsement, which provides that the Coverage A Insuring Agreement for Bodily Injury and Property Damage Liability is amended to the extent that this insurance applies to "property damage" caused by an "occurrence" only if the "property damage" "(a) [a]rises out of any operation(s) shown in the Schedule above; and (b) [o]ccurs on the premises, if scheduled above, or the grounds and structures appurtenant to those premises; and (c) [a]rises out of any project(s), if scheduled above…"

38.     The **LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS, PREMISES AND PROJECTS** endorsement further provides that "**Coverage for any Operation(s), Premises, or Project(s) not shown above can only be covered if agreed to, in writing, by us as evidenced by endorsement to this policy**." [Emphasis in original].

39.     The Schedule specifies that the "Operation(s)" are limited to "lawn care services, snow and ice removal and real estate property management including all subcontracted work pertaining to these operations."

40.     The Acadia Action alleges that SBP Builders, LLC was negligent in its contracting work, specifically the manner in which it conducted carpentry and/or painting activities at the Premises i.e. the painting/staining of doors and trim at their "shop" located at the Premises.

41.     The claims set forth against SBP in the Acadia Action do not fall within those "Operation(s)" designated in the Schedule.

42.     The alleged "property damage" at issue in the Acadia Action arises out of painting/carpentry activities that do not fall within the "Operation(s)" listed in the Schedule.

43.     The alleged "property damage" does not fall within the relevant Coverage A Insuring Agreement in the Century Policy.

9

44. Therefore, Century is entitled to judgment and a judicial declaration that it has no obligation to defend or indemnify SBP for the claims asserted against it in the Acadia Action based on the **LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS, PREMISES AND PROJECTS** endorsement.

45. An actual and justifiable controversy exists regarding the nature and extent of the insurance coverage or other rights owed to SBP by Century.

46. Century has no adequate remedy at law.

**WHEREFORE**, Century respectfully requests that this Court render a declaratory judgment:

    (a) Declaring that SBP cannot satisfy the Insuring Agreement in the Century Policy based on the **LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS, PREMISES AND PROJECTS** endorsement;

    (b) Declaring that Century has no obligation to defend and indemnify SBP for the claims asserted against them in the Acadia Action;

    (c) Declaring that all parties are bound by the declaration that Century has no obligation to defend and indemnify SBP for the claims asserted against them in the Acadia Action;

    (d) Awarding Century attorneys' fees and costs as permitted by law; and

    (e) Awarding Century such other and further relief as it deems just, proper and equitable.

### SECOND CAUSE OF ACTION
### (DECLARATORY JUDGMENT – DAMAGE TO PREMISES RENTED TO YOU LIMIT)

47. Century repeats, reiterates and realleges each of the preceding paragraphs as if more fully set forth herein.

48.     The Century Policy contains a Damage To Premises Rented To You Limit in the amount of $100,000 that provides that this limit represents "the most we will pay under Coverage **A** for damages because of 'property damage' to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner."

49.     Here, the alleged damage was caused by a fire at the Premises rented by SBP.

50.     Even if coverage were to apply under the Century Policy, which Century disputes, the available limits for the claims associated with the Acadia Action are limited to $100,000.

51.     An actual and justifiable controversy exists regarding the nature and extent of the insurance coverage or other rights owed to SBP by Century.

52.     Century has no adequate remedy at law.

**WHEREFORE**, Century respectfully requests that this Court render a declaratory judgment:

(a)     Declaring that even if coverage were to apply under the Century Policy, which Century disputes, the available limits for the claims associated with the Acadia Action are limited to $100,000 pursuant to the Damage To Premises Rented To You Limit contained in the Century Policy;

(b)     Declaring that all parties are bound by the declaration that even if coverage were to apply under the Century Policy, which Century disputes, the available limits for the claims associated with the Acadia Action are limited to $100,000 pursuant to the Damage To Premises Rented To You Limit contained in the Century Policy;

(c)     Awarding Century attorneys' fees and costs as permitted by law; and

(d)     Awarding Century such other and further relief as it deems just, proper and equitable.

11

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the

Federal Rules of Civil Procedure.

**SULLOWAY & HOLLIS, P.L.L.C**

/s/ Sarah S. Murdough

Sarah S. Murdough, Esq. (#10599)
*Attorneys for Plaintiff*
*Century Surety Company*
9 Capitol Street
Concord, NH 03301
T: 603-223-2850
smurdough@sulloway.com