# Exhibit B

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| ACADIA INSURANCE COMPANY A/S/O) NEW ENGLAND TRUCK TIRE CENTERS, INC. ) ) )  Plaintiff  ) ) ) v.  ) ) SBP BUILDERS, LLC.  ) ) )  Defendant  ) | Docket No.: **JURY TRIAL DEMAND** |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, Acadia Insurance Company a/s/o New England Truck Tire Centers, Inc., by and through their undersigned counsel, and hereby complain against the Defendant, SBP Builders, LLC. as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, since the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the parties involved are citizens of different states or counties.

2. Venue properly rests in the District of New Hampshire, pursuant to 28 U.S.C. § 1391.

## PARTIES AND BACKGROUND

3.     This action has been filed on behalf of Acadia Insurance Company (hereinafter "Acadia") as the insurance carrier and subrogee of New England Truck Tire Centers, Inc. (hereinafter "New England Truck Tire").

4.     Acadia was and is a corporation duly organized under the laws of the State of Iowa, with a principal place of business located at One Acadia Commons, Westbrook, Maine.

5.     Upon information and belief, at all relevant times herein, Defendant SBP Builders, LLC (hereinafter "SBP") was and is a New Hampshire limited liability corporation with a principal place of business located at 244 Main Street, Littleton, New Hampshire. At all times relevant to this action, SBP was a tenant of New England Truck Tire at the 431 Cottage Street, Littleton, New Hampshire (hereinafter "The Loss Location").

6.     New England Truck Tire was and is a business corporation duly organized under the laws of the State of Maine, with a principal place of business located in Sanford, Maine, and the owner of record of the Loss Location.

7.     Acadia was the insurer for New England Truck Tire and, at all relevant times herein, provided coverage to New England Truck Tire for all covered property losses at the Loss Location pursuant to policy number CPA 0349108-22.

8.     On or about the afternoon of March 13, 2023, SBP had been engaging in work at the Loss Location which involved painting and staining doors and trim woodwork in their workshop using an Old Masters oil-based wood stain.

9.     On or about the afternoon of March 13, 2023, while applying this oil-based stain, SBP discarded the used rags on the floor along the right hand wall of its workshop at the Loss Location.

2

10.    On or about the afternoon of March 13, 2023, SBP performed its wood staining work at the Loss Location in a negligent manner by, *inter alia*, failing to dispose properly of its staining rags/materials which had become saturated with oil-based stain products, in clear violation of the stain manufacturer's warnings and instructions for proper disposal.

11.    As a result of SBP's negligent failure to properly dispose of its oil-saturated stain rags/materials, the discarded rags/materials self-heated until the rags/materials ignited in fire in the early evening hours of March 13, 2023.

12.    The ensuing fire caused significant fire damage to the entirety of the Loss Location.

13.    Following the fire, New England Truck Tire submitted an insurance claim to Acadia pursuant to its policy of insurance regarding said property losses. Pursuant to the subject insurance policy and relevant law, Acadia paid New England Truck Tire for property damages sustained by New England Truck Tire at the Loss Location.

14.    Acadia's payment to New England Truck Tire pursuant to its policy of insurance created both a contractual and equitable right of subrogation against any and all third parties responsible for the loss.

## PLAINTIFF'S CAUSE OF ACTION AGAINST DEFENDANT: NEGLIGENCE

15.    Plaintiff incorporates all above allegations as if fully set forth herein.

16.    As a tenant performing business operations at the Loss Location, SBP owed the building owner, New England Truck Tire, a duty of reasonable care to perform its work in a safe, workmanlike, and reasonable manner.

17.    Defendant SBP, at all times relevant, was negligent in performing its work at the Loss Location. SBP's negligent conduct included, but is not limited to, the following:

Case 1:25-cv-00092 Document 21-14 Filed 05/05/25 Page 5 of 6

a. The failure to properly and safely dispose of the staining rags/materials which had become saturated with oil-based stain products, in violation of the stain manufacturer's warnings and instructions for proper disposal, and in violation of the widely-known and widely-accepted practices across the stain and coatings industry for the proper disposal of rags/materials saturated with oil-based stain products;

b. The failure to properly train its employees with respect to safe practices associated with the fire hazard presented by the unsafe use of oil-based stains;

c. The failure to inspect, supervise, monitor, and control the work, labor, and services of its agents, servants, employees, and/or representatives so as to ensure that proper and safe work procedures were in place so as to prevent the fires arising out of the use of oil-based stain products;

d. The failure to take adequate precautions to safeguard the property of New England Truck Tire from fire damage relating to the use of oil-based stains by SBP at the Loss Location; and

e. The failure to otherwise exercise reasonable care—or any care at all—under the circumstances.

18. As a direct and proximate result of the SBP's aforesaid negligence, New England Truck Tire has incurred property damages including, but not limited to, damage to the building it owned and operated at the Loss Location, damage to its building contents, a loss of rents, a loss of business income, and the cost of demolition and cleanup.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant SBP, for the amount of incurred property damages sustained, plus statutory interest, costs of this action, and any such other relief as this Honorable Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

ACADIA INSURANCE COMPANY A/S/O NEW ENGLAND TRUCK TIRE CENTERS, INC.

Dated: March 5th, 2025

By its attorneys,

Charles M. Boyle, Esq.
New Hampshire ID No.: 269431
McCOY LEAVITT LASKEY LLC
202 U.S. Route 1, Suite 200
Falmouth, ME 04105
(207) 387-6932
CBoyle@MLLlaw.com