# Exhibit F

     

June 4, 2025

Via electronic, certified and regular mail
**9489 0090 0027 6591 1333 69**
Sbpbuilders@gmail.com

SBP Builders LLC
SBP Property Management LLC
c/o Stanley B. Parker III
244 Main Street
Littleton, NH03561

**Re:** **Acadia Insurance Company a/s/o New England Truck Tire Centers, Inc. v. SBP Builders, LLC,**
**U.S.D.C. New Hampshire, Index No. 25-cv-92 TSM**

     **Policy No.:**      **CCP1096813**
     **Date of Loss:**      **March 13, 2023**
     **Century Claim No.:**      **01-111069**

Dear Mr. Parker:

I am a Claims Attorney with Meadowbrook, Inc. assigned to handle the above-referenced claim on behalf of Century Surety Company ("Century"). The following correspondence shall serve as a supplement to Century's initial coverage position letter dated May 9, 2023, issued to SBP Builders LLC and SBP Property Management LLC  (collectively "SBP") in connection with a fire that took place on or about March 13, 2023.

As set forth more fully herein, it is our position that Century has no present obligation to defend or indemnify SBP for this claim under the above-refenced insurance policy issued by Century to SBP.

### FACTUAL BACKGROUND

### I.    The Acadia Action

This matter arises out of a fire which took place on March 13, 2023 at premises located at 431 Cottage Street, Littleton, New Hampshire (the "Premises"). On that date, at approximately 11:00 pm, a fire broke out at the Premises causing extensive property damage. At the time of the fire SBP leased space at the Premises from building owner New England Truck and Tires Centers, Inc. ("NE Truck"). Acadia Insurance Company ("Acadia") issued a commercial property policy to NE Truck and allegedly paid approximately $2,000,000 to NE Truck for the damage sustained to the Premises. Acadia, in turn, filed a subrogation action against SBP styled Acadia a/s/o New England Truck v. SBP Builders et. al., in the U.S. District Court of New Hampshire, Index No. 25 cv 92 TSM (the "Acadia Action" or "Complaint") to recoup the payments made under the policy.

The Complaint alleges that on March 13, 2023, SBP was painting/staining doors and trim work in their "shop" at the Premises and was using an oil based wood stain. It is alleged that SBP failed to properly dispose of the rags

**Lisa Henderson**
**Claims Attorney**
Lisa.Henderson@ameritrustgroup.com
**Mailing Address:  P.O. Box 219559 Kansas City, MO 64121-9559**
**Phone: 800-825-9489   Fax: 614-895-7040   Direct  Line: 602-216-6589**

used in connection with this work which resulted in the rags "self-heating" and igniting causing fire damage to the property. The Complaint a single Cause of Action for Negligence for failure to properly dispose of the rags; failure to properly train, supervise workers; resulting in damage to the building, contents, loss of rents, business income, demolition/clean up.

The Complaint further alleges that following the fire, a "cause and origin" investigation was conducted and it was concluded that the fire started in that portion of the Premises leased to SBP due to oily rags being left in an area near extension cords. It was also determined that the Premises did not have a fire suppression or fire alarm system at the time of the loss.

## COVERAGE PROFILE

### I.     The Century Policy

Century Surety Company issued a commercial general liability policy to SBP Builders and SBP Property Management, policy number CCP1096813, for the November 1, 2022 – November 1, 2023 policy period (the "Century Policy"). The Century Policy has a $100,000 limit on Damage to Premises Rented to You "any one fire/occurrence/any one person."

The Century Primary Policy contains, in relevant part, the following relevant **COVERAGE A Insuring Agreement**:

> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **Insuring Agreement:**
>
> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

*          *          *

The Century Policy also contains, in relevant part, the following **SECTION III – LIMITS OF INSURANCE**:

> **6.** Subject to Paragraph **5.** Above, the Damage To Premises Rented To You Limit is the most we will pay under Coverage **A** for damages because of "property damage" to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner.

*          *          *

The Century Policy also contains, in relevant part, the following **CONTRACTORS AMENDATORY ENDORSEMENT**:

> A.  It is agreed that **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS** is changed as follows:
>
> 1.  Item **4., Other Insurance** is deleted and entirely replaced by the following:
>
> > **4. Other Insurance**
> >
> > If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** and **B** of this Coverage Part, our obligations are limited as follows:

a. This insurance is excess over any other insurance whether the other insurance is stated to be primary, pro rata, contributory, excess, contingent, umbrella, or on any other basis; unless the other insurance is issued to the named insured shown in the Declarations of this Coverage Part and is written explicitly to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

b. When this insurance is excess we will have no duty under Coverage **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

\*　　\*　　\*

Finally, the Century Policy contains the following relevant **LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS, PREMISES OR PROJECTS** endorsement:

**SCHEDULE**

**Operation(s):**  Insured provides lawn care services, snow and ice removal and real estate property management including all subcontracted work pertaining to these operations.

\*　　\*　　\*

A. If this endorsement is attached to Commercial General Liability Coverage Form **CG 0001**, then the provisions under this paragraph **A**. apply.

1. Paragraph **1.b** under Section **I** – Coverages, Coverage **A** – Bodily Injury and Property Damage Liability is deleted in its entirety and replaced with the following:

b. This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

(1) The "bodily injury" or "property damage":

(a) Arises out of any operation(s) shown in the Schedule above; and
(b) Occurs on the premises, if scheduled above, or the grounds and structures appurtenant to those premises; and
(c) Arises out of any project(s), if scheduled above; and

(2) The "bodily injury" or "property damage" occurs during the policy period;

\*　　\*　　\*

**Coverage for any Operation(s), Premises, or Project(s) not shown above can only be covered if agreed to, in writing, by us as evidenced by endorsement to this policy.**

\*　　\*　　\*

## II.　　The Crum & Forster Policy

SBP Builders LLC was also insured under a separate commercial general liability policy with Crum & Forster Specialty Insurance Company ("Crum & Forster"), policy number BAK-53731-4, for the August 23, 2022 – August 23, 2023 policy period (the "C&F Policy"). The C&F Policy was issued to insure SBP's "contractor business" and "residential carpentry contractor exposure and subcontractor exposure." The Declarations show scheduled operations for various construction activities including but not limited to carpentry interior (91341), carpentry

(91342) and painting (91583). It is Century's understanding that Crum & Forster is providing a defense to SBP in connection with the Acadia Action.

## SUPPLEMENTAL COVERAGE POSITION

### I.    Coverage A – Bodily Injury and Property Damage Liability

The Century Policy's **Coverage A Insuring Agreement** provides, in relevant part, that Century "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages." It further provides that Century "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

This **Coverage A Insuring Agreement** is amended by operation of the **LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS, PREMISES AND PROJECTS** Endorsement which provides that the **Coverage A Insuring Agreement** for Bodily Injury and Property Damage Liability is amended to the extent that this insurance applies to "property damage" caused by an "occurrence" only if "the 'property damage' (a) arises out of any operation(s) shown in the Schedule above; and (b) occurs on the premises, if scheduled above, or the grounds and structures appurtenant to those premises; and (c) arises out of any project(s), if scheduled above…" This endorsement further provides that "**[c]overage for any Operation(s), Premises, or Project(s) not shown above can only be covered if agreed to, in writing, by us as evidenced by endorsement to this policy.**" [Emphasis in original].

Here, the Schedule specifies that the "operation(s)" are limited to "lawn care services, snow and ice removal and real estate property management including all subcontracted work pertaining to these operations." In the Acadia Action it is alleged that SBP Builders, LLC was negligent in its contracting work, specifically the manner in which it conducted carpentry and/or painting activities at the Premises i.e. the painting/staining of doors and trim at their "shop" located at the Premises. Accordingly, Century reserves its right to disclaim coverage to SBP on the basis that the claims set forth against SBP in the Acadia Action do not fall within those "operation(s)" designated in the Schedule and therefore do not fall within the relevant **Coverage A Insuring Agreement** in the Century Policy.

### II.    Other Insurance

Additionally, the relevant Other Insurance provision in the Century Policy provides that "[t]his insurance is excess over any other insurance whether the other insurance is stated to be primary, pro rata, contributory, excess, contingent, umbrella, or on any other basis; unless the other insurance is issued to the named insured shown in the Declarations of this Coverage Part and is written explicitly to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part."

Here, it is Century's understanding that SBP is being defended in the Acadia Action under the C&F Policy issued to SBP. Accordingly, and because there is other available insurance, the Century Policy remains excess to any other available insurance, including but not limited to the C&F Policy.

### III.    Limits of Insurance

Finally, the Century Policy contains a Damage To Premises Rented To You Limit in the amount of $100,000 that provides that this limit represents "the most we will pay under Coverage **A** for damages because of 'property damage' to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner." Accordingly, and to the extent coverage is available under the Century Policy, the available limits for the claims associated with the Acadia Action are $100,000.

## CONCLUSION

In sum, it is Century's position that it does not have a current obligation to defend or indemnify SBP in connection with the Acadia Action based upon the relevant Other Insurance provision set forth in the Century Policy. Century is also reserving its right to disclaiming coverage to SBP based upon the **LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS, PREMISES AND PROJECTS** Endorsement.

The foregoing statement of Century's position is based on information with which Century has been provided to date. This letter is not intended to be, nor is it to be construed as, an exhaustive listing of all the terms, conditions, limitations and exclusions of the Century Policy which might further limit or preclude coverage for this matter. Century expressly reserves all rights under the Century Policy, and available at law, to supplement this correspondence and/or to disclaim coverage on additional or alternative bases if other terms, conditions, exclusions, endorsements and provisions of the policy are found to be applicable. Century further reserves the right to file a declaratory judgment action seeking a declaration of its rights and obligations with respect to this claim.

Century's position as set forth herein is based on the facts as presented to Century to date, and should not be construed as applicable to any new claim(s) or amendment(s) to this claim. In the event that any new claims are asserted against you either informally or by way of a formal pleading, please forward them to Century immediately.

If you are aware of any additional information or authorities that you would like us to consider, we ask that you provide it to us immediately.

Very Truly Yours,

**CENTURY SURETY COMPANY**

Lisa M. Henderson
Claims Attorney

LMH/pjh

cc:     John T. Hugo, Esq.
        MG+M The Law Firm
        125 High Street
        Oliver Street Tower, 6th Floor
        Boston, MA 02110
        Via email to: JHugo@mgmlaw.com

        Hadlock Group-Best Insurance
        150 Old County Road
        Littleton, NH 03561
        Via email to: CL-Underwriting@bestinsurance.net

Page 6 of 6

   WSSIB, LLC dba S & H Underwriters
   338 East Montpelier Road
   Barre, VT 05641
   Via email to: Bsikora@sh-underwriters.com

| WARNING |
|---|
| "Any person who knowingly presents false or fraudulent information to obtain or amend insurance coverage or to make a claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison." |
| Revised 01/2022 |

**From:** Patricia Hile <Patricia.Hile@ameritrustgroup.com>
**Received:** 6/4/2025 12:24:30 PM
**To:** 'Sbpbuilders@gmail.com'<Sbpbuilders@gmail.com>
**Cc:** 'JHugo@mgmlaw.com'<JHugo@mgmlaw.com>; 'CL-Underwriting@bestinsurance.net'<CL-Underwriting@bestinsurance.net>; bsikora@sh-underwriters.com<bsikora@sh-underwriters.com>
**Attachments:** image001.png; Attachment.pdf

---

On behalf of Lisa Henderson, please see attached.  Any questions please email her at
**Lisa.Henderson@ameritrustgroup.com**

*THIS EMAIL BOX IS NOT SET UP TO RECEIVE EMAILS.* ***PLEASE DO NOT RESPOND TO THIS EMAIL. SHOULD YOU HAVE ANY QUESTIONS OR CONCERNS, PLEASE CONTACT THE SENDER ON THE ATTACHED LETTER DIRECTLY.***

Trish Hile
Claims Processing Specialist
**AmeriTrust Group, Inc.**

550 Polaris Parkway, Suite 300
Westerville, Ohio 43082
614.895.7040 Fax

csu@centurysurety.com

