# Exhibit H



Bedminster One
135 Route 202/206, Suite 2
Bedminster, NJ 07921

T(973) 242-1364
F(973) 242-1945

September 2, 2025

**VIA EMAIL**
Laurence H. Leavitt, Esq.
McCoy Leavitt Laskey LLC
202 US Route 1, Suite 200
Falmouth, ME 04105
lleavitt@mlllaw.com

> **Re:** **Acadia Insurance Company a/s/o New England Truck Tire Centers, Inc.  v. SBP Builders, LLC**, **U.S.D.C. New Hampshire, Index No. 25-cv-92 TSM**
> **Policy No.:** CCP1096813
> **Date of Loss:** March 13, 2023
> **Century Claim No.:** 01-111069

Dear Mr. Leavitt:

This firm has been retained to represent Century Surety Company ("Century") in connection with the above-referenced claim (the "Acadia Action"). The following correspondence shall serve as a formal response to your email correspondence dated July 30, 2025, addressed to John T. Hugo, Esq., defense counsel for SBP Builders, LLC ("SBP") in the Acadia Action.

Specifically, at this time, Century is in receipt of a "policy limits" demand dated July 30, 2025, sent via email to defense counsel for SBP. Your correspondence advises that Acadia's loss to date totals approximately $2,357,805.99 and that as a result you were issuing a "time-sensitive demand" to both "Crum and Forster and Century Insurance that they tender policy limits in full and final settlement of this matter." Plaintiffs' demand assumed available policy limits of $1,000,000 each from Crum & Forster and Century.

Preliminarily, and in response to your demand, Century has been advised by Mr. Hugo (assigned to represent SBP by Crum & Forster) that this demand is premature in nature as discovery is both in its preliminary stages and ongoing.

Laurence H. Leavitt, Esq.
September 2, 2025
Page 2 of 3

The foregoing aside, be advised that, as set forth more fully in Century's prior correspondence to SBP, attached hereto for your reference as **Exhibit A**, Century has reserved its right to disclaim coverage in this matter based upon several available coverage defenses, including but not limited to application of the **LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS, PREMISES OR PROJECTS** endorsement which limits coverage under the Century Policy to certain designated operations. Here, the designated operations are specifically identified as "lawn care services, snow and ice removal and real estate property management including all subcontracted work pertaining to these operations."

It is Century's understanding that the allegations in the Acadia Action involve certain carpentry work performed by SBP which does not fall within the above-referenced designated operations. Specifically, the Complaint alleges that, on March 13, 2023, SBP was painting/staining doors and trim work in their "shop" at the leased premises and was using an oil-based wood stain. It is alleged that SBP failed to properly dispose of the rags used in connection with this work which resulted in the rags "self-heating" and igniting causing fire damage to the property. The Complaint contains a single Cause of Action for Negligence for failure to properly dispose of the rags; failure to properly train, supervise workers; resulting in damage to the building, contents, loss of rents, business income, demolition/clean up.

At this time, Century continues to reserve its right to disclaim coverage to SBP with respect to the Acadia Action. To this point, Century may move forward with filing a declaratory judgment action with the court in the immediate future seeking a declaration of no coverage under the Century Policy.

Further, with respect to your contention that the Century Policy has $1,000,000 limits of coverage available to SBP, this is incorrect. As set forth more fully in the attached correspondence, the Century Policy specifically provides under **SECTION III – LIMITS OF INSURANCE** that reduced limits apply with respect to "property damage" to "any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner." Here, it is undisputed that the Acadia Action alleges "property damage" due to a fire which occurred at premises rented to SBP. Accordingly, any available coverage, which Century disputes, would be subject to the $100,000 policy limits.

The foregoing statement of Century's position is based on information with which Century has been provided to date. This letter is not intended to be, nor is it to be construed as, an exhaustive listing of all the terms, conditions, limitations and exclusions of the Century Policy which might further limit or preclude coverage for this matter. Century expressly reserves all rights under the Century Policy, and available at law, to supplement this correspondence and/or to disclaim coverage on additional or alternative bases if other terms, conditions, exclusions, endorsements and provisions of the policy are found to be applicable. Finally, as indicated above, Century further reserves the right to file a declaratory judgment action seeking a declaration of its rights and obligations with respect to this claim.

Laurence H. Leavitt, Esq.
September 2, 2025
Page 3 of 3

Very truly yours,

Denise M. DePekary

cc:    John T. Hugo, Esq.
       MG+M The Law Firm
       125 High Street
       Oliver Street Tower, 6th Floor
       Boston, MA 02110
       JHugo@mgmlaw.com

       SBP Builders LLC
       SBP Property Management LLC
       c/o Stanley B. Parker III
       244 Main Street
       Littleton, NH 03561

# EXHIBIT A

     

May 9, 2023

Via electronic, certified and regular mail
**9489 0090 0027 6434 9867 32**
sbpbuilders@gmail.com

SBP Builders LLC
SBP Property Management LLC
c/o Stanley B. Parker III
244 Main Street
Littleton, NH 03561

RE: Claimant: New England Truck and Tires Centers
    Named Insured: SBP Builders, LLC; SBP Property Management, LLC
    Policy No.: CCP1096813
    Date of Loss: March 13, 2023
    Century claim No: 01-111069

<u>**Reservation of Rights**</u>

Dear Mr. Parker

I am a Claims Attorney with Meadowbrook, Inc., a subsidiary of AmeriTrust Group, Inc., assigned to handle the above claim on behalf Century Surety Company ("Century"). Century is the general liability insurance carrier for SBP Builders, LLC and SBP Property Management, LLC and is in receipt of a letter dated March 17, 2023 sent by the law firm of McCoy, Leavitt and Laskey to SBP Builders, LLC advising that the law firm has been retained by Acadia Insurance Company to conduct an investigation into a fire that occurred on March 13, 2023 at 431 Cottage Street, Littleton, New Hampshire. The letter further advises that "our preliminary non-destructive investigation indicates that SBP Builders, LLC is a potentially interested party with respect to any claims that may result from this loss." After careful review of the aforementioned letter and Century's policy <u>we have determined that coverage may be available for SBP Builders, LLC only at this time for this claim.  Please read this letter carefully for a more detailed explanation of Century's coverage position.</u>

## I.  **FACTUAL BACKGROUND**

The following facts are based in large part upon the allegations contained in the letter and other relevant investigation documents.  The allegations are reviewed here simply for explaining Century's coverage position. Century's review of these allegations should not be construed as a comment on their truthfulness as Century does not mean to assert that any or all those allegations are true.  That said, please advise us if you believe that we have misunderstood or misconstrued the allegations.

On March 13, 2023 at approximately 11 pm, a fire broke out at the premises located at 433 Cottage Street, Littleton, NH 03561.  One of our named insureds, SBP Builders, LLC, received a notice letter dated March 17, 2023 from Hallie Semmel attorney from the law offices of McCoy, Leavitt Laskey that states it is "in re New England Truck and Tires Centers", Littleton, New Hampshire  and stating that this law firm had been hired by Acadia Insurance Company to conduct an investigation into the fire. The letter states, "our preliminary non-destructive investigation indicates that SBP Builders, LLC is a potentially interested party with respect to any

**Lisa Henderson**
**Claims Attorney**
Lisa.Henderson@ameritrustgroup.com
Mailing Address:  P.O. Box 219559 Kansas City, MO 64121-9559
Phone: 800-825-9489   Fax: 614-895-7040   Direct  Line: 602-216-6589

claims that may result from the loss." It is unclear if by "claims" the letter means claims made for damages by SBP Builders, LLC to their office/equipment on the site or if by "claims" the letter means there may be a third-party liability claim against SBP Builders, LLC.

This site is a large commercial building with office space, 3 bay garage area and houses several commercial trucks and construction equipment. SBP Builders, LLC leases the building and there is a warehouse attached next door. You have denied to Century's investigator that SBP Builders, LLC had any knowledge of any hazardous conditions at the subject property prior to the fire.

There is potentially a property damage claimant named New England Truck and Tire, which is a business located next door to SBP Builders, LLC's rented location. New England's office was also heavily damaged, but fire fighters were able to avoid a large tire fire. Nine fire companies were called to assist Littleton Fire Rescue. No bodily injuries were noted. According to the preliminary inspection, the fire started in a paint booth, and investigators found extension cords on the ground and oily rags. Reportedly, an employee had been welding that day and investigators also found arcing in multiple places.

News articles reporting on the fire note that the fire started around 10:30 pm and the subject building did not have fire suppression systems or fire detection systems.

Century's local field adjuster hired John Bates, at NEFCO, as a cause and origin expert. Mr. Bates states he participated in a 3-day inspection in late March 2023 and that during the inspection, the experts for Acadia's insured took multiple items from the scene, including electrical outlets, oily rags, a portable heater and an extension cord. Mr. Bates reports that there are multiple potential causes for the fire. Mr. Bates reports that all investigative personnel present for the inspection agreed that the fire originated in SBP Builders, LLC's leased unit. Mr. Bates reported that they confirmed oil-soaked rages were in or near the area of origin of the fire on the dated of the loss. They confirmed that the welding occurred in or near the area of the origin on the date of the fire. They could not rule out an electrical cause for the fire. They secured some of the electrical components in the area and stored them off site. Mr. Bates states there is surveillance footage of the fire starting inside the building, which the property owner's carrier Acadia has possession of, which eliminated any vehicles on the site as causes of the fire. The site has now been released. Mr. Bates reports that there is going to be a lab test done, which Century has learned is tentatively set for June 15 and 16, 2023 at the offices of Fire Research & Technology located at 7317 State Route 14, Sodus Point, New York, 14555, where all the items collected at the March inspection are tested. Century will have Mr. Bates and an electrical engineer attend this lab testing to examine the electrical components.

It is Century's information that SBP Builders, LLC has another policy of liability insurance with Crum and Forster Insurance which is also investigating this fire loss.

Century has requested that you provide it with the lease for the subject property between SBP Builders, LLC and the property owner and the Property Management Agreement between SBP Property Management, LLC with the property owner. Please provide Century with those documents as soon as possible.

## II. POLICY

Century issued policy number CCP1096813 to named insureds SBP Builders, LLC and SBP Property Management, LLC for the period spanning November 1, 2022 to November 1, 2023. The policy provides Commercial General Liability Coverage subject to limits of $2,000,000 in the aggregate, $2,000,000 for products completed operations, $1,000,000 for personal and advertising injury and each occurrence subject to a $1000 per claim deductible. The covered operations on the policy are listed as lawn care services, snow and ice removal and real estate property management including all subcontracted work pertaining to these operations.

Pertinent portions of the policy read as follows:

**CG 0001 04/13**

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

   **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

   **b.** This insurance applies to "bodily injury" and "property damage" only if:

   **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

   **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

   **c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

   **d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

   **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

   **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

   **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

   **e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

      **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

      **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

   **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**

**1.** We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

   **e.** All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

**SECTION V – DEFINITIONS**

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**CGL 1613 05/19**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.

**CONDITIONAL COVERAGE – REAL ESTATE PROPERTY MANAGED**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

The following condition is added to Section **IV** – Commercial General Liability Conditions.

**Real Estate Property Managed**

As a condition of coverage:

**(1)** You obtain from the property owner, at the time the property management commences, a valid certificate (or certificates) of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing operations and "products-completed operations hazards" for the property management performed by you and you keep such certificate(s) of insurance on file; and

**(2)** Upon renewal or replacement of the property owner's insurance policy, you receive from the property owner a new valid certificate (or certificates) of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing operations and "products-completed operations hazards" for the property management performed by you and you keep such certificate(s) on file; and

**(3)** You provide such certificate(s) of insurance to us upon our request; and

**(4)** The insurance shown on the certificate(s) of insurance was written with an insurance company rated A- or better by A.M. Best at the time of certificate issuance; and

**(5)** The Limits on the certificate(s) are equal to or greater than $1,000,000 Each Occurrence Limit, $2,000,000 General Aggregate Limit (Other than Products-Completed Operations), and $1,000,000 Products-Completed Operations Aggregate Limit; and

**(6)** You are an insured or an additional insured on the property owner's policy or policies; and

**(7)** The property owner's policy has not restricted coverage for assault and battery exposures by:

**(a)** Excluding any claims arising out of or alleged to arise out of assault and battery; or

**(b)** Providing a sublimit to the Each Occurrence Limit for claims arising out of or alleged to arise out of assault and battery.

For the purposes of this endorsement, property management means managing, maintaining, operating, controlling, or overseeing any real estate not owned by the insured.

All other terms and conditions of this policy remain unchanged.

## CBL 1901 02/16

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**CONTRACTORS AMENDATORY ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A. It is agreed that SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS is changed as follows:**

**1. Item 4., Other Insurance is deleted and entirely replaced by the following:**

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a.** This insurance is excess over any other insurance whether the other insurance is stated to be primary, pro rata, contributory, excess, contingent, umbrella, or on any other basis; unless the other insurance is issued to the named insured shown in the Declarations of this Coverage Part and is written explicitly to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

**b.** When this insurance is excess, we will have no duty under Coverage **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit".  If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

**c.** When this insurance is excess over other insurance, we will pay only our share of the amount of loss, if any, that exceeds the sum of:

      **(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

      **(2)** The total of all deductible and self insured amounts under all that other insurance.

**D.** **It is agreed that the following changes are made to SECTION V – DEFINITIONS:**

The following definitions are deleted and entirely replaced:

**1.** **Item 13., "Occurrence" is deleted in its entirety and replaced with the following:**

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All "bodily injury" or "property damage" arising out of an "occurrence" or series of related "occurrences" is deemed to take place at the time of the first such damage or injury even though the nature and extent of such damage or injury may change; and even though the damage may be continuous, progressive, cumulative, changing or evolving; and even though the "occurrence" causing such "bodily injury" or "property damage" may be continuous or repeated exposure to substantially the same general harmful conditions.

**2.** **Item 14., "Personal and advertising injury" is deleted in its entirety and replaced with the following:**

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.** False arrest, detention or imprisonment;

    **b.** Malicious prosecution;

    **c.** The wrongful eviction from or the wrongful entry into or the invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, provided that such wrongful eviction, wrongful entry or invasion of the right of private occupancy was committed by or on behalf of the room's, dwelling's or premises' owner, landlord or lessor.

    **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services.

**3.** **Item 17. "Property Damage" is deleted in its entirety and replaced with the following.**

**17.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

    For the purposes of this insurance, electronic data is not tangible property.

    As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

    For the purposes of this insurance, "property damage" is not physical injury to tangible property, any resultant loss of use of tangible property, nor loss of use of tangible property that is not physically injured that arises out of failure to complete or abandonment of "your work".

**CBL 1905 02/16**

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### EXCLUSION-PUNITIVE DAMAGES

This endorsement modifies insurance provided under the following:

COMMERICAL GENERAL LIABILITY COVERAGE PART

The following is added to Section **I**-Coverages, Coverage **A**-Bodily Injury and property Damage Liability, Paragraph **2** , Exclusions and to Coverage **B** -Personal and Advertising Injury, paragraph **2**., Exclusions.

This insurance does not apply to:

**Punitive, Exemplary, Treble Damages or Multipliers of Attorneys' Fees**

Claims or demands for payment of punitive, exemplary or treble damages whether arising from the acts of any insured or by anyone else for whom or which any insured or additional insured is legally liable; including any multiplier of attorney's fees statutorily awarded to the prevailing party.

**CGL 1711 01/20**

### THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

### LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS, PREMISES OR PROJECTS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

### SCHEDULE

| |
|---|
| **Operation(s): Insured provides lawn care services, snow and ice removal and real estate property management including all subcontracted work pertaining to these operations.** |
| **Premises:** |
| **Project(s):** |

**A.** If this endorsement is attached to Commercial General Liability Coverage Form **CG 0001**, then the provisions under this paragraph **A.** apply.

    **1.** Paragraph **1.b**. under Section **I** – Coverages, Coverage **A** – Bodily Injury and Property Damage Liability is deleted in its entirety and replaced by the following:

   **b.**  This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

     **(1)**  The "bodily injury" or "property damage":

       **(a)**  Arises out of any operation(s) shown in the Schedule above; and

       **(b)**  Occurs on the premises, if scheduled above, or the grounds and structures appurtenant to those premises; and

       **(c)**  Arises out of any project(s), if scheduled above; and

     **(2)**  The "bodily injury" or "property damage" occurs during the policy period; and

     **(3)**  Prior to the policy period, no insured listed under paragraph **1.**, of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**2.**  Paragraph **1.b.** under Section **I** – Coverages, Coverage **B** – Personal and Advertising Injury Liability is deleted in its entirety and replaced by the following:

   **b.**  This insurance applies to "personal and advertising injury" caused by an offense committed in the "coverage territory" but only if:

     **(1)**  The offense arises out of your business:

       **(a)**  Performed on the premises shown in the Schedule above; or

       **(b)**  In connection with the project(s) or operation(s) shown in the Schedule above; and

     **(2)**  The offense was committed during the policy period.

       However, with respect to paragraph **A.1.b. (1)(b),** of this endorsement, if the "personal and advertising injury" is caused by:

     **(1)**  False arrest, detention or imprisonment; or

     **(2)**  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor,

       then such offense must arise out of your business performed on the premises shown in the Schedule above and the offense must have been committed on the premises shown in the Schedule above or the grounds and structures appurtenant to those premises.

**3.**  Paragraph **1.a.** under Section **I** – Coverages, Coverage **C** – Medical Payments is deleted in its entirety and replaced by the following:

   **a.**  We will pay medical expenses as described below for "bodily injury" caused by an accident that takes place in the "coverage territory" if the "bodily injury":

     **(1)**  Arises out of any operation(s) shown in the Schedule above; and

     **(2)**  Occurs on the premises, if scheduled above, or the grounds and structures appurtenant to those premises; and

     **(3)**  Arises out of any project(s), if scheduled above;

       provided that:

       **(a)**  The accident takes place during the policy period; and

       **(b)**  The expenses are incurred and reported to us with in one year of the date of the accident; and

       **(c)**  The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

**4.**  Section **II** – Who Is An Insured, paragraph **3.**, is deleted in its entirety and does not apply to this insurance.

> **Coverage for any Operation(s), Premises, or Project(s) not shown above can only be covered if agreed to, in writing, by us as evidenced by endorsement to this policy.**

**B.** If this endorsement is attached to Commercial General Liability Coverage Form **CG 0002**, then the provisions under this paragraph **B**. apply.

**1.** Paragraph **1.b.** under Section **I** – Coverages Coverage **A** – Bodily Injury and Property Damage Liability is deleted in its entirety and replaced by the following:

**b.** This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

**(1)** The "bodily injury" or "property damage":

**(a)** Arises out of any operation(s) shown in the Schedule above; and

**(b)** Occurs on the premises, if scheduled above, or the grounds and structures appurtenant to those premises; and

**(c)** Arises out of any project(s), if scheduled above;

**(2)** The "bodily injury" or "property damage" did not occur before the Retroactive Date, if any, shown in the Declarations or after the end of the policy period; and

**(3)** A claim for damages because of the "bodily injury" or "property damage" is first made against any insured, in accordance with paragraph **1.c.** of the Insuring Agreement, during the policy period or any Extended Reporting Period we provide under Section **V** – Extended Reporting Periods.

**2.** Paragraph **1.b.** under Section **I** – Coverages, Coverage **B** – Personal and Advertising Injury Liability is deleted in its entirety and replaced by the following:

**b.** This insurance applies to "personal and advertising injury" caused by an offense committed in the "coverage territory" only if:

**(1)** The offense arises out of your business:

**(a)** Performed on the premises shown in the Schedule above; or

**(b)** In connection with the project(s) or operation(s) shown in the Schedule above; and

**(2)** The offense was not committed before the Retroactive Date, if any, shown in the Declarations or after the end of the policy period; and

**(3)** A claim for damages because of the "personal and advertising injury" is first made against any insured, in accordance with paragraph **1.c.** of the Insuring Agreement, during the policy period or any Extended Reporting Period we provide under Section **V** – Extended Reporting Periods.

However, with respect to paragraph **B. 1.b. (1) (b)** of this endorsement, if the "personal and advertising injury" is caused by:

**(1)** False arrest, detention or imprisonment; or

**(2)** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor,

then such offense must arise out of your business performed on the premises shown in the Schedule above  and the offense must have been committed on the premises shown in the Schedule above or the grounds and structures appurtenant to those premises.

**3.** Paragraph **1.a.** under Section **I** – Coverages, Coverage **C** – Medical Payments is deleted in its entirety and replaced by the following:

**a.** We will pay medical expenses as described below for "bodily injury" caused by an accident that takes place in the "coverage territory" if the "bodily injury":

**(1)** Arises out of any operation(s) shown in the Schedule above; and

      **(2)** Occurs on the premises, if scheduled above, or the grounds and structures appurtenant to those premises; and

      **(3)** Arises  out of any project(s), if scheduled above;

      provided that:

      **(a)** The accident takes place during the policy period; and

      **(b)** The expenses are incurred and reported to us with in one year of the date of the accident; and

      **(c)** The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

    **4.** Section **II** – Who Is An Insured, paragraph **3**., is deleted in its entirety and does not apply to this insurance.

**Coverage for any Operation(s), Premises, or Project(s) _not_ shown above can only be covered if agreed to, in writing, by us as evidenced by endorsement to this policy.**

All other terms and conditions of this policy remain unchanged.

While we have quoted specific portions here to bring them to your attention, Century may rely on other portions of the policy's language.  We encourage you to read your policy in its entirety, so you are familiar with the coverage available.

## III.  CENTURY'S  COVERAGE POSITION

Please carefully review the language of the Insuring Agreement of the policy's Coverage A, quoted above for easy reference.  That portion of the policy provides coverage for "property damage" resulting from an "occurrence."  Because this claim appears to be one for "property damage" resulting from an "occurrence" there may be coverage.  Century will continue to investigate this claim under a full reservation of rights and provide legal counsel to SBP Builders, LLC only, as it appears the only claim potentially being made is against SBP Builders, LLC.  However, Century wishes to make you aware that other provisions of the policy may act to limit or bar the coverage available.

The Century policy provides coverage for the specific operations listed in form CGL 1711 01/20 quoted above for your reference. To the extent that the claim of New England Truck and Tire arises out of any operations performed by you that are not listed on this form, there is no coverage for this claim and Century reserves the right to deny coverage under this provision of the policy.

This policy contains endorsement form Amendatory Endorsement -Conditional Coverage-Real Estate Property Managed which provides that as a condition of coverage, you are required to obtain a certificate of insurance (COI) from the property owner, at the time the property management commences, "that evidences Commercial General Liability Coverage ("occurrence" form) for ongoing operations and "products completed operations hazards" for the property management performed by you" which are "written with an insurance company rated A- or better by A.M. Best at the time of certificate issuance" and which provide at least $1,000,000 each occurrence limit, $2,000,000 general aggregate limit , other than products-completed operations and $1,000,000 products completed operations aggregate limit and which list you as an additional insured. As an additional condition precedent to coverage, you are required to provide that COI from the property owner to Century. Accordingly, Century hereby requests that you provide the aforementioned COI for the property owner of the subject location managed by SBP Property Management LLC where the fire occurred. To the extent that you are unable to provide the aforementioned COI or proof of the required coverage to be evidence by such COI, there is no coverage for this claim under the Century policy and Century reserves the right to deny coverage for SBP Property Management, LLC to the extent that there is any claim against SBP Property Management, LLC for this fire under this provision of the policy.

Although, as stated above, coverage may be available under the Century's policy under Coverage A, Century's coverage would be excess to any other insurance available to SBP Builders LLC.  Please refer to the "Other Insurance" provision of endorsement form CBL 1901 (02/16) which is quoted above.  It is Century's information that SBP Builders, LLC has another liability policy with Crum and Forster which is providing coverage for this claim. As stated above, at this time Century is investigating coverage for this claim and providing SBP Builders, LLC with legal counsel, however, Century reserves the right deny coverage and withdraw that legal counsel should it be confirmed that SBP Builders, LLC has other insurance coverage for this claim.

In addition, please be advised that the Supplementary Payments Section of the policy quoted above state that any attorney fees awarded to Plaintiffs or their attorneys in this suit are not covered by the policy. Furthermore, attorney fees do not meet the definition of "damages" under the policy as they are not sums awarded for "bodily injury", "property damage" or "personal and advertising injury". Therefore, there is no coverage for any award of attorney fees. Please note that the Punitive, Exemplary Treble Damages, or Multipliers of Attorneys' Fees exclusion, also quoted above, would act to bar coverage for the punitive and exemplary damages sought.

For these reasons, Century agrees at this time, to investigate this claim and provide legal counsel to SBP Builders, LLC only for the potential third-party fire damage claim from New England Truck and Tire. Assigned defense counsel for SBP Builders, LLC is:

Linda Smith, Esq.
Morrison Mahoney LLP
650 Elm Street, Ste. 201
Manchester, NH 03101
Tele:  603 518-1971
Email: LSmith@morrisonmahoney.com

This letter should not be construed as waiving any of Century's  rights under the policy or applicable law to limit and/or deny coverage.  Century reserves the right to rely on any additional facts, policy provisions, or other relevant information that may affect coverage to alter its position in the future.  We do not waive our right to disclaim coverage for any other valid reason which may arise.

#### IV.  <u>CONCLUSION</u>

Century trusts that you understand its coverage position, but if you have any questions or concerns please do not hesitate to contact us.  Further, if you believe we have omitted any relevant information or if you are aware of, or become aware of, any additional information that you believe may affect Century's coverage position, please contact us immediately.  Century may consider additional information and reassess its coverage position should the circumstances so warrant.

Please do not hesitate to call if you have any questions or concerns.

Sincerely,

**CENTURY SURETY COMPANY**

*Lisa M. Henderson*

Lisa M. Henderson
Claims Attorney

LMH/pjh

cc:     Linda Smith, Esq.
         Morrison Mahoney, LLP
        Via email to: LSmith@morrisonmahoney.com

        Hadlock Group-Best Insurance
        150 Old County Road
        Littleton, NH 03561
        Via email to: CL-Underwriting@bestinsurance.net

        WSSIB, LLC., dba S & H Underwriters
        338 East Montpelier Road
        Barre, VT  05641
        Via email to: Bsikora@sh-underwriters.com

| WARNING |
|---|
| "Any person who knowingly presents false or fraudulent information to obtain or amend insurance coverage or to make a claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison." |
| Revised 01/2022 |

     

June 4, 2025

Via electronic, certified and regular mail
**9489 0090 0027 6591 1333 69**
Sbpbuilders@gmail.com

SBP Builders LLC
SBP Property Management LLC
c/o Stanley B. Parker III
244 Main Street
Littleton, NH03561

**Re:   Acadia Insurance Company a/s/o New England Truck Tire Centers, Inc.  v. SBP Builders, LLC,**
**U.S.D.C. New Hampshire, Index No. 25-cv-92 TSM**

**Policy No.:        CCP1096813**
**Date of Loss:      March 13, 2023**
**Century Claim No.: 01-111069**

Dear Mr. Parker:

I am a Claims Attorney with Meadowbrook, Inc. assigned to handle the above-referenced claim on behalf of Century Surety Company ("Century"). The following correspondence shall serve as a supplement to Century's initial coverage position letter dated May 9, 2023, issued to SBP Builders LLC and SBP Property Management LLC  (collectively "SBP") in connection with a fire that took place on or about March 13, 2023.

As set forth more fully herein, it is our position that Century has no present obligation to defend or indemnify SBP for this claim under the above-refenced insurance policy issued by Century to SBP.

### FACTUAL BACKGROUND

### I.      The Acadia Action

This matter arises out of a fire which took place on March 13, 2023 at premises located at 431 Cottage Street, Littleton, New Hampshire (the "Premises"). On that date, at approximately 11:00 pm, a fire broke out at the Premises causing extensive property damage. At the time of the fire SBP leased space at the Premises from building owner New England Truck and Tires Centers, Inc. ("NE Truck"). Acadia Insurance Company ("Acadia") issued a commercial property policy to NE Truck and allegedly paid approximately $2,000,000 to NE Truck for the damage sustained to the Premises. Acadia, in turn, filed a subrogation action against SBP styled Acadia a/s/o New England Truck v. SBP Builders et. al., in the U.S. District Court of New Hampshire, Index No. 25 cv 92 TSM (the "Acadia Action" or "Complaint") to recoup the payments made under the policy.

The Complaint alleges that on March 13, 2023, SBP was painting/staining doors and trim work in their "shop" at the Premises and was using an oil based wood stain. It is alleged that SBP failed to properly dispose of the rags

**Lisa Henderson**
**Claims Attorney**
Lisa.Henderson@ameritrustgroup.com
**Mailing Address:  P.O. Box 219559 Kansas City, MO 64121-9559**
**Phone: 800-825-9489   Fax: 614-895-7040   Direct  Line: 602-216-6589**

used in connection with this work which resulted in the rags "self-heating" and igniting causing fire damage to the property. The Complaint a single Cause of Action for Negligence for failure to properly dispose of the rags; failure to properly train, supervise workers; resulting in damage to the building, contents, loss of rents, business income, demolition/clean up.

The Complaint further alleges that following the fire, a "cause and origin" investigation was conducted and it was concluded that the fire started in that portion of the Premises leased to SBP due to oily rags being left in an area near extension cords. It was also determined that the Premises did not have a fire suppression or fire alarm system at the time of the loss.

## COVERAGE PROFILE

### I.      The Century Policy

Century Surety Company issued a commercial general liability policy to SBP Builders and SBP Property Management, policy number CCP1096813, for the November 1, 2022 – November 1, 2023 policy period (the "Century Policy"). The Century Policy has a $100,000 limit on Damage to Premises Rented to You "any one fire/occurrence/any one person."

The Century Primary Policy contains, in relevant part, the following relevant **COVERAGE A Insuring Agreement**:

> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **Insuring Agreement:**
>
> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…
>
> *       *       *

The Century Policy also contains, in relevant part, the following **SECTION III – LIMITS OF INSURANCE**:

> **6.**   Subject to Paragraph **5.** Above, the Damage To Premises Rented To You Limit is the most we will pay under Coverage **A** for damages because of "property damage" to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner.
>
> *       *       *

The Century Policy also contains, in relevant part, the following **CONTRACTORS AMENDATORY ENDORSEMENT**:

> A.   It is agreed that **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS** is changed as follows:
>
> 1.   Item **4., Other Insurance** is deleted and entirely replaced by the following:
>
> > **4. Other Insurance**
> >
> > If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** and **B** of this Coverage Part, our obligations are limited as follows:

a. This insurance is excess over any other insurance whether the other insurance is stated to be primary, pro rata, contributory, excess, contingent, umbrella, or on any other basis; unless the other insurance is issued to the named insured shown in the Declarations of this Coverage Part and is written explicitly to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

b. When this insurance is excess we will have no duty under Coverage **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

\* \* \*

Finally, the Century Policy contains the following relevant **LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS, PREMISES OR PROJECTS** endorsement:

**SCHEDULE**

**Operation(s):**  Insured provides lawn care services, snow and ice removal and real estate property management including all subcontracted work pertaining to these operations.

\* \* \*

A.  If this endorsement is attached to Commercial General Liability Coverage Form **CG 0001**, then the provisions under this paragraph **A**. apply.

1.  Paragraph **1.b** under Section **I** – Coverages, Coverage **A** – Bodily Injury and Property Damage Liability is deleted in its entirety and replaced with the following:

b. This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

(1)  The "bodily injury" or "property damage":

(a)  Arises out of any operation(s) shown in the Schedule above; and
(b)  Occurs on the premises, if scheduled above, or the grounds and structures appurtenant to those premises; and
(c)  Arises out of any project(s), if scheduled above; and

(2)  The "bodily injury" or "property damage" occurs during the policy period;

\* \* \*

**Coverage for any Operation(s), Premises, or Project(s) not shown above can only be covered if agreed to, in writing, by us as evidenced by endorsement to this policy.**

\* \* \*

## II.  The Crum & Forster Policy

SBP Builders LLC was also insured under a separate commercial general liability policy with Crum & Forster Specialty Insurance Company ("Crum & Forster"), policy number BAK-53731-4, for the August 23, 2022 – August 23, 2023 policy period (the "C&F Policy"). The C&F Policy was issued to insure SBP's "contractor business" and "residential carpentry contractor exposure and subcontractor exposure." The Declarations show scheduled operations for various construction activities including but not limited to carpentry interior (91341), carpentry

Page 4 of 6

(91342) and painting (91583). It is Century's understanding that Crum & Forster is providing a defense to SBP in connection with the Acadia Action.

## SUPPLEMENTAL COVERAGE POSITION

### I.      Coverage A – Bodily Injury and Property Damage Liability

The Century Policy's **Coverage A Insuring Agreement** provides, in relevant part, that Century "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages." It further provides that Century "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

This **Coverage A Insuring Agreement** is amended by operation of the **LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS, PREMISES AND PROJECTS** Endorsement which provides that the **Coverage A Insuring Agreement** for Bodily Injury and Property Damage Liability is amended to the extent that this insurance applies to "property damage" caused by an "occurrence" only if "the 'property damage' (a) arises out of any operation(s) shown in the Schedule above; and (b) occurs on the premises, if scheduled above, or the grounds and structures appurtenant to those premises; and (c) arises out of any project(s), if scheduled above…" This endorsement further provides that "**[c]overage for any Operation(s), Premises, or Project(s) not shown above can only be covered if agreed to, in writing, by us as evidenced by endorsement to this policy.**" [Emphasis in original].

Here, the Schedule specifies that the "operation(s)" are limited to "lawn care services, snow and ice removal and real estate property management including all subcontracted work pertaining to these operations." In the Acadia Action it is alleged that SBP Builders, LLC was negligent in its contracting work, specifically the manner in which it conducted carpentry and/or painting activities at the Premises i.e. the painting/staining of doors and trim at their "shop" located at the Premises. Accordingly, Century reserves its right to disclaim coverage to SBP on the basis that the claims set forth against SBP in the Acadia Action do not fall within those "operation(s)" designated in the Schedule and therefore do not fall within the relevant **Coverage A Insuring Agreement** in the Century Policy.

### II.      Other Insurance

Additionally, the relevant Other Insurance provision in the Century Policy provides that "[t]his insurance is excess over any other insurance whether the other insurance is stated to be primary, pro rata, contributory, excess, contingent, umbrella, or on any other basis; unless the other insurance is issued to the named insured shown in the Declarations of this Coverage Part and is written explicitly to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part."

Here, it is Century's understanding that SBP is being defended in the Acadia Action under the C&F Policy issued to SBP. Accordingly, and because there is other available insurance, the Century Policy remains excess to any other available insurance, including but not limited to the C&F Policy.

### III.      Limits of Insurance

Finally, the Century Policy contains a Damage To Premises Rented To You Limit in the amount of $100,000 that provides that this limit represents "the most we will pay under Coverage **A** for damages because of 'property damage' to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner." Accordingly, and to the extent coverage is available under the Century Policy, the available limits for the claims associated with the Acadia Action are $100,000.

Page 5 of 6

## CONCLUSION

In sum, it is Century's position that it does not have a current obligation to defend or indemnify SBP in connection with the Acadia Action based upon the relevant Other Insurance provision set forth in the Century Policy. Century is also reserving its right to disclaiming coverage to SBP based upon the **LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS, PREMISES AND PROJECTS** Endorsement.

The foregoing statement of Century's position is based on information with which Century has been provided to date. This letter is not intended to be, nor is it to be construed as, an exhaustive listing of all the terms, conditions, limitations and exclusions of the Century Policy which might further limit or preclude coverage for this matter. Century expressly reserves all rights under the Century Policy, and available at law, to supplement this correspondence and/or to disclaim coverage on additional or alternative bases if other terms, conditions, exclusions, endorsements and provisions of the policy are found to be applicable. Century further reserves the right to file a declaratory judgment action seeking a declaration of its rights and obligations with respect to this claim.

Century's position as set forth herein is based on the facts as presented to Century to date, and should not be construed as applicable to any new claim(s) or amendment(s) to this claim. In the event that any new claims are asserted against you either informally or by way of a formal pleading, please forward them to Century immediately.

If you are aware of any additional information or authorities that you would like us to consider, we ask that you provide it to us immediately.

Very Truly Yours,

**CENTURY SURETY COMPANY**

Lisa M. Henderson

Lisa M. Henderson
Claims Attorney

LMH/pjh

cc:     John T. Hugo, Esq.
        MG+M The Law Firm
        125 High Street
        Oliver Street Tower, 6th Floor
        Boston, MA 02110
        Via email to: JHugo@mgmlaw.com

        Hadlock Group-Best Insurance
        150 Old County Road
        Littleton, NH 03561
        Via email to: CL-Underwriting@bestinsurance.net

WSSIB, LLC dba S & H Underwriters
338 East Montpelier Road
Barre, VT 05641
Via email to: Bsikora@sh-underwriters.com

| **WARNING** |
| --- |
| "Any person who knowingly presents false or fraudulent information to obtain or amend insurance coverage or to make a claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison." |
| Revised 01/2022 |

# 01111069 SBP BUILDERS LLC AND SBP PROPERTY MANAGEMENT LLC

01111069 SBP BUILDERS LLC AND SBP PROPERTY MANAGEMENT Page 24 of 24

From: Patricia Hile <Patricia.Hile@ameritrustgroup.com>
Received:    6/4/2025 12:24:30 PM
To:        'Sbpbuilders@gmail.com'<Sbpbuilders@gmail.com>
Cc:        'JHugo@mgmlaw.com'<JHugo@mgmlaw.com>; 'CL-Underwriting@bestinsurance.net'<CL-Underwriting@bestinsurance.net>; bsikora@sh-underwriters.com<bsikora@sh-underwriters.com>
Attachments: image001.png; Attachment.pdf

---

On behalf of Lisa Henderson, please see attached.  Any questions please email her at **Lisa.Henderson@ameritrustgroup.com**

*THIS EMAIL BOX IS NOT SET UP TO RECEIVE EMAILS.* ***PLEASE DO NOT RESPOND TO THIS EMAIL. SHOULD YOU HAVE ANY QUESTIONS OR CONCERNS, PLEASE CONTACT THE SENDER ON THE ATTACHED LETTER DIRECTLY.***

Trish Hile
Claims Processing Specialist
**AmeriTrust Group, Inc.**

550 Polaris Parkway, Suite 300
Westerville, Ohio 43082
614.895.7040 Fax

csu@centurysurety.com

