**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Century Surety Company,

       Plaintiff

v.                                                    1:25-cv-00425-LM-TSM

Acadia Insurance Company
a/a/o SBP Builders LLC and Acadia Insurance Company
a/s/o New England Truck Tire Centers, Inc. and
a/s/o ADS Properties, Inc.,

       Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>ACADIA INSURANCE COMPANY AND SBP BUILDERS LLC'S</u><br><u>MOTION TO STAY DISCOVERY</u>

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Acadia Insurance Company a/a/o

SBP Builders LLC and a/s/o New England Truck Tire Centers, Inc. and a/s/o ADS Properties, Inc.

("Acadia"), respectfully request that the Court to enter a protective order staying the issuance

of discovery until its Motion for Summary Judgment is ruled upon.  Permitting discovery is

inappropriate until the Court has ruled on the Motion for Summary Judgment and therefore Acadia

requests that this Court stay all discovery issued by Century Surety Company ("Century") to Acadia and

any other party. In support of this Motion, Acadia states as follows:

1. Plaintiff filed this Petition for Declaratory Judgment, seeking a Declaration that: (1) SBP

   Builders LLC ("SBP Builders") and Acadia Insurance Company ("Acadia"), as assignee of SBP

   Builders, are not entitled to coverage under the insurance policy issued by Century Surety

   Company ("Century") to SBP Builders for a judgment entered against it in a subrogation action

   styled <u>Acadia a/s/o New England Truck v. SBP Builders et. al.</u>, which was filed in the United

1

States District Court of New Hampshire, Index No. 25-cv-92 TSM (the "Acadia Action" or "Complaint") to recoup the payments made under a policy issued by Acadia to New England Truck and Tires Centers, Inc. ("NE Truck"); that (2) SBP  Builders cannot satisfy that the risk presented in the subrogation action and entered as a judgment is a risk contemplated by the Century Policy based on the **LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS, PREMISES AND PROJECTS** endorsement;  and that (3) even if coverage were to apply under the Century Policy (which Century denies), the available limits for the claims associated with the Acadia Action are limited to $100,000 pursuant to the Damage To Premises Rented To You Limit contained in the Century Policy.

2. On April 9, 2026, Century issued Interrogatories and Requests for Production of Documents upon Acadia (Exhibits A and B). At the same time, Acadia was finalizing its Motion for Summary Judgment (Document Number 21) which was filed on May 5, 2026.

3. In addition, on April 16, 2026, Century provided Notices of Intent to Serve Subpoenas upon Haddock & Associates Insurance Services (Exhibit C), Crum and Forster Specialty Insurance Company (Exhibit D) and John T. Hugo, Esq. of Manning Gross & Massenburg, LLP (Exhibit E).  Century also issued a Notice of Intent to Serve Subpoena upon Hadlock Group-Best Insurance on May 5, 2026 (Exhibit F). Acadia anticipates that Century will rely upon the issuance of its discovery as a reason to deny the Motion for Summary Judgment.  Acadia moves this Court to Stay the discovery and proceed to rule upon the Motion for Summary Judgment prior to permitting discovery.

4. Under the circumstances, there is no valid reason for discovery to proceed.

5. Where Acadia has filed a dispositive motion that can be ruled upon without the need to review discovery, it is particularly inappropriate for discovery to go forward until the Court

has had an opportunity to rule on the Motion. It is likely that the Court will grant Acadia's motion, thus obviating the need for discovery. Alternatively, even if the Court were to deny the Motion, Acadia contends that its decision will provide guidance to the parties as to the issues in dispute and may narrow the areas subject to discovery.

6. Century's propounded discovery is intended to obtain information pertaining to the underlying matter which has been adjudicated with judgment entered against its insured.

7. Century seeks to obtain information relating to the decision to enter a judgment against SBP Builders, communications relating to those decisions and other evidence involved in the underlying litigation and are also intended to evaluate the reasonableness of the judgment.

8. Century was asked to provide coverage and defense in the underlying matter but denied coverage for the lawsuit and disclaimed any obligation to defend or indemnify SBP Builders. Once it refused involvement in the suit, Century waived its right to examine the reasonableness of the judgment or to be involved in the decision-making process.

9. Now, after judgment has been entered against its insured, and after it refused coverage, it seeks to determine the appropriateness of the entry of judgment.

10. F.R.C.P. 26(c) states that a party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.  The Court is authorized, for good cause, to issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

   (A) forbidding the disclosure or discovery;

   (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

3

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

11. Under Rule 26(b)(2)(c)(ii), a court may limit the frequency or extent of use of discovery methods if the party seeking discovery has had "ample opportunity" to obtain the information sought or the discovery is unduly burdensome or expensive.  F.R.C.P. 26(b)(2)(c)(ii).

12. Century cannot now allege that the manner in which the judgment was entered against its insured is relevant to the judgment itself in light of its decision to deny coverage and not participate in the defense.

13. In this case, the discovery requested does not address any issue necessary to the resolution Acadia's pending motion. Under N.H. R.S.A. 491:22, the two key questions in analyzing the Motion for Summary Judgment are whether coverage is excluded pursuant to the Designated Operations endorsement and, if not, whether the $100,000 policy limit for property rented to the insured applies to the entirety of the claim. Century carries the burden to establish that

4

coverage is excluded. The discovery sought only concerns issues relevant to the underlying matter, not whether the entry of judgment invokes coverage.

14. Acadia moves this Court to stay all discovery propounded to Acadia until such time as it has ruled upon its Motion for Summary Judgment.

15. Acadia has conferred with counsel for Century in a good faith effort to request assent to this Motion. However, counsel for Century advises that they Object to the Motion to Stay Discovery.

16. Acadia requests that this Court enter the Stay, as requested herein.

17. Acadia submits the accompanying Memorandum of Law in support of this Motion to Stay.


WHEREFORE, for the reasons set forth above, Acadia respectfully requests that this Court stay discovery until it rules upon Acadia's Motion for Summary and for such other and further relief as this Court deems just and proper.

|  | Respectfully submitted,<br>Acadia Insurance Company a/a/o<br>SBP Builders, LLC and Acadia Insurance<br>Company a/s/o New England Truck Tire<br>Centers, Inc. and a/s/o ADS Properties, Inc., |
|---|---|
|  | By Its Attorneys,<br>Primmer Piper Eggleston & Cramer, PC |

Dated: May 5, 2026          By:     /s/ Doreen F. Connor
                                    Doreen F. Connor, #421
                                    PO Box 3600
                                    Manchester, NH  03105
                                    603-626-3300
                                    Dconnor@primmer.com

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Stay Discovery was this day forwarded to all counsel of record via the Court's electronic filing system.

/s/ Doreen F. Connor

Doreen F. Connor

6