**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

*****************************************

Century Surety Company,

        Plaintiff

v.                                           1:25-cv-00425-LM-TSM

Acadia Insurance Company
a/a/o SBP Builders LLC and Acadia Insurance Company
a/s/o New England Truck Tire Centers, Inc. and
a/s/o ADS Properties, Inc.,

        Defendants

*****************************************

## MEMORANDUM OF LAW IN SUPPORT OF ACADIA INSURANCE COMPANY AND SBP BUILDERS LLC'S MOTION TO STAY DISCOVERY

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Acadia Insurance Company a/a/o SBP Builders LLC and Acadia Insurance Company a/s/o New England Truck Tire Centers, Inc. and  a/s/o ADS Properties, Inc. ("Acadia") respectfully request the Court to enter a protective order staying the issuance of discovery until its Motion for Summary Judgment is ruled upon.  Permitting discovery is inappropriate until the Court has ruled on the Motion for Summary Judgment and therefore Acadia requests that this Court stay all discovery issued by Century Surety Company ("Century") to Acadia and any other party. In support of its Motion, Acadia states as follows:

### INTRODUCTION

Plaintiff filed this Petition for Declaratory Judgment, seeking a Declaration that: (1) SBP Builders LLC ("SBP Builders") and Acadia Insurance Company ("Acadia"), as assignee of SBP Builders, are not entitled to coverage under the insurance policy issued by Century Surety Company

1

("Century") to SBP Builders for a judgment entered against it in a subrogation action styled <u>Acadia a/s/o New England Truck v. SBP Builders et. al.</u>, which was filed in the United States District Court of New Hampshire, Index No. 25-cv-92 TSM (the "Acadia Action" or "Complaint") to recoup the payments made under a policy issued by Acadia to New England Truck and Tires Centers, Inc. ("NE Truck"); that (2) SBP  Builders cannot satisfy that the risk presented in the subrogation action and entered as a judgment is a risk contemplated by the Century Policy based on the **LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS, PREMISES AND PROJECTS** endorsement;  and that (3) even if coverage were to apply under the Century Policy (which Century denies), the available limits for the claims associated with the Acadia Action are limited to $100,000 pursuant to the Damage To Premises Rented To You Limit contained in the Century Policy.

On April 9, 2026, Century issued Interrogatories and Requests for Production of Documents upon Acadia (Exhibits A and B). At the same time, Acadia was finalizing its Motion for Summary Judgment (Document Number 21) which was filed on May 5, 2026.  In addition, on April 16, 2026, Century provided Notices of Intent to Serve Subpoenas upon Haddock & Associates Insurance Services (Exhibit C), Crum and Forster Specialty Insurance Company (Exhibit D) and John T. Hugo, Esq. of Manning Gross & Massenburg, LLP (Exhibit E).  Century also issued a Notice of Intent to Serve Subpoena upon Hadlock Group-Best Insurance on May 5, 2026 (Exhibit F). Acadia anticipates that Century will rely upon the issuance of its discovery as a reason to deny the Motion for Summary Judgment.  Acadia moves this Court to Stay the discovery and proceed to rule upon the Motion for Summary Judgment prior to permitting discovery.

### STANDARD OF REVIEW

Pursuant to F.R.C.P. 26(c), this Court may enter a protective order to stay discovery for good cause, in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense relating to discovery requests. District courts have broad discretion to stay proceedings and discovery by virtue of their inherent power to control their own dockets. Drewniak v. U.S. Customs & Border Prot., 563 F. Supp. 3d 1 (D.N.H. 2021); See also, Clinton v. Jones, 520 U.S. 681, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997);   The party requesting a stay has the burden of demonstrating its necessity. Id. at 708.  If there is a "fair possibility" that a stay would damage another party, the requesting party must demonstrate the stay's necessity by establishing "a clear case of hardship or inequity in being required to go forward."  Drewniak, citing Landis v. N. Am. Co., 299 U.S. 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936).

## ARGUMENT

Under the circumstances, there is no valid reason for discovery to proceed and allowing it to proceed will only create an undue hardship and inequity upon Acadia without a relevant basis. One of the principal purposes of summary adjudication is to avoid unnecessary litigation expense. Where Acadia has filed a dispositive motion that can be ruled upon without the need to review discovery, it is particularly inappropriate for discovery to go forward until the Court has had an opportunity to rule on the Motion. It is likely that the Court will grant Acadia's motion, thus obviating the need for discovery. Alternatively, even if the Court were to deny the Motion, Acadia contends that its decision will provide guidance to the parties as to the issues in dispute and may narrow the areas subject to discovery.

Century's propounded discovery is intended to obtain information pertaining to the underlying matter which has been adjudicated with judgment entered. Century seeks to obtain information relating to the decision to enter a judgment against SBP Builders, communications

3

relating to those decisions and other evidence involved in the underlying litigation. A particular focus of Century's discovery requests is soliciting information in order to evaluate the reasonableness of the judgment. Century also seeks to discover information regarding the policy procurement and decision-making process with respect to its policy. As noted in the Memorandum of Law In Support of the Motion for Summary Judgment, Century was asked to provide coverage and defense in the underlying matter. Century denied coverage for the lawsuit and disclaimed any obligation to defend or indemnify SBP Builders. Once it refused involvement in the suit, Century waived its right to examine the reasonableness of the judgment or to be involved in the decision-making process. Now, after judgment has been entered against its insured, and after it refused coverage, it seeks to determine the appropriateness of the entry of judgment. The consent judgment was an anticipated, expected and foreseeable result after coverage was denied for a case that involved over $2,000,000 in property damage alleged against its insured.

The Motion for Summary Judgment may be determined based solely upon the documents submitted and the related pleadings. Century has sought to establish that coverage is not triggered under its policy. The burden of proving that no insurance coverage exists rests squarely with the insurer, Century. Curtis v. Guar. Tr. Life Ins. Co., 132 N.H. 337, 340 (1989). See also, N.H. Rev. Stat. Ann. § 491:22-a. Century maintains that no insurance coverage exists and therefore bears the burden to establish that the claim falls outside of its policy of insurance. See, Petition for Decalaratory Judgment, ¶ 36. In its first cause of action, Century implies that coverage is triggered under the commercial general liability policy but rests its first argument upon the position that the Limitation of Coverage to Designated Operations, Premises and Projects endorsement ("Designated Operations endorsement") excludes coverage owed to SBP

Builders. See, Petition for Decalaratory Judgment, ¶ ¶ 37-46.  Although an insurer has a right to contractually limit the extent of its liability, it must do so "through clear and unambiguous policy language". Curtis at 340.  Ambiguity exists if "reasonable disagreement between contracting parties" leads to at least two interpretations of the language.  Colony Ins. Co. v. Dover Indoor Climbing Gym, 158 N.H. 628, 630 (2009); see also, Int'l Surplus Lines Ins. Co. v. Manufacturers & Merchants Mut. Ins. Co., 140 N.H. 15, 20 (1995).  If the language relied upon by Century is ambiguous, and one of the reasonable interpretations of the language favors SBP Builders, the ambiguity must be construed against the insurer and in favor of coverage for SBP Builders and Acadia, as its assignee. Id.

When reviewing coverage under a policy, there is no need to examine extrinsic evidence outside the four corners of the Century policy as applied to the entry of judgment against its insured.  Century has not sought to declare its policy void *ab initio* and thus discovery into whether there existed a mutual mistake in the policy procurement process between SBP Builders and its broker or SBP Builders and Century is irrelevant to the Motion for Summary Judgment before the Court. When an insurance policy leaves uncertain the parties' mutual intent, extrinsic evidence is irrelevant to the determination before the Court.  MacLeod v. Chalet Susse Int'l, Inc., 119 N.H. 238, 243 (1979); See also, Spectrum Enters., Inc. v. Helm Corp., 114 N.H. 773, 776 (1974).  The only issue to be determined by this Court is whether the entry of judgment against SBP Builders triggers coverage under the Century policy. There is no need to look beyond the four corners of the Century insuring agreement and the entry of judgment.  Permitting discovery into evidence outside the policy and the judgment only serves to cause annoyance and undue burden or expenses upon Acadia and SBP Builders.

F.R.C.P. 26(c) states that a party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.  The Court is authorized, for good cause, to issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Similarly, under Rule 26(b)(2)(c)(ii), a court may limit the frequency or extent of use of discovery methods if the party seeking discovery has had "ample opportunity" to obtain the information sought or the discovery is unduly burdensome or expensive.  F.R.C.P. 26(b)(2)(c)(ii). Century was provided with ample opportunity to engage in discovery and participate in the underlying matter when it was asked to defend and indemnify SBP Builders, but chose to deny coverage, rather than offer a defense under a reservation of rights.  Of note, its initial coverage

determination advised it would provide counsel but failed to do so.  Century cannot now allege that the manner in which the judgment was entered against its insured is relevant to the judgment itself in light of its decision to deny coverage and not participate in the defense.  In addition, facts relating to the procurement of the insurance policy are likewise irrelevant as there is no pending action to rescind the policy and the manner in which the policy was procured has no bearing on whether coverage is triggered under that policy.  There are no genuine issues of material fact relating to whether or not coverage is excluded under the Designated Operations endorsement or Damage to Property exclusion, and therefore the grant of summary judgment is proper and a question of law for this Court to decide without the need to review extrinsic evidence.  Everitt v. Gen. Elec. Co., 156 N.H. 202, 209 (2007); See also, Godbout v. Lloyd's Ins. Syndicates Messrs. Mendes & Mount, 150 N.H. 103, 105 (2003).

Courts routinely stay discovery when a motion for summary judgment is pending and the discovery sought would only add needless cost and delay. See, e.g., Fed. Sav. & Loan Ins. Corp. v. Cribbs, 918 F.2d 557, 560 (5th Cir. 1990); Petrus v. Bowen, 833 F.2d 581 (5th Cir. 1987); Noll v. Petrovsky, 828 F.2d 461, 462 (8th Cir. 1987). In this case, the discovery requested does not address any issue necessary to the resolution Acadia's pending motion. Under N.H. R.S.A. 491:22, the two key questions in analyzing the Motion for Summary Judgment are whether coverage is excluded pursuant to the Designated Operations endorsement and, if not, whether the $100,000 policy limit for property rented to the insured applies to the entirety of the claim. Century carries the burden to establish that coverage is excluded. The discovery sought only concerns issues relevant to the underlying matter, not whether the entry of judgment invokes coverage. The procedural posture of this case is akin to that in Dashiell v. Montgomery Cnty., 131 F.R.D. 102 (D. Md. 1989).  After moving for summary judgment, the defendants in

Dashiell moved for a protective order to stay all discovery pending resolution of their motion. The court granted the protective order because the plaintiffs' response to the motion for summary judgment contained no argument that the contested material was necessary to respond to the motion. Similarly, there is no reasonable argument to support that the discovery propounded will have any bearing on whether coverage is triggered for a judgment against SBP Builders under the Century policy as there is no need to look beyond the four corners of the Century Policy and the judgment entered against its insured.

For the reasons outlined herein, Acadia hereby request that this Court stay discovery until it rules upon Acadia's Motion for Summary Judgment.

WHEREFORE, for the reasons set forth above, Acadia respectfully requests that this Court stay discovery until it rules upon Acadia's Motion for Summary and for such other and further relief as this Court deems just and proper.

<div style="margin-left:50%;">

Respectfully submitted,
Acadia Insurance Company a/a/o
SBP Builders, LLC and Acadia Insurance
Company a/s/o New England Truck Tire
Centers, Inc. and a/s/o ADS Properties, Inc.,

By Its Attorneys,
Primmer Piper Eggleston & Cramer, PC

</div>

Dated: May 6, 2026                    By:    /s/ Doreen F. Connor
                                      Doreen F. Connor, Esq., #421
                                      PO Box 3600
                                      Manchester, NH  03105
                                      603-626-3300
                                      Dconnor@primmer.com

<div style="text-align:center;">8</div>

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Memorandum of Law in Support of Motion to Stay Discovery was this day forwarded to all counsel of record via the Court's electronic filing system.

/s/ Doreen F. Connor
Doreen F. Connor