**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

------------------------------------------------------------------X
CENTURY SURETY COMPANY,

                      Plaintiff,                  Civil Action No.: 1:25-cv-00425-LM-TSM

    -against-

ACADIA INSURANCE COMPANY AS
ASSIGNEE OF SBP BUILDERS LLC AND
ACADIA INSURANCE COMPANY A/S/O
NEW ENGLAND TRUCK TIRE
CENTERS, INC. AND A/S/O ADS
PROPERTIES, INC.,

                      Defendants.
------------------------------------------------------------------X

**CENTURY SURETY COMPANY'S FIRST SET OF INTERROGATORIES TO ACADIA INSURANCE COMPANY AS ASSIGNEE OF SBP BUILDERS LLC AND ACADIA INSURANCE COMPANY A/S/O NEW ENGLAND TRUCK TIRE CENTERS, INC. AND A/S/O ADS PROPERTIES, INC.**

Century Surety Company ("Century"), by their undersigned counsel, pursuant to Federal Rule of Civil Procedure 33, hereby propounds the following Interrogatories to be answered by Acadia Insurance Company ("Acadia") as assignee of SBP Builders LLC ("SBP Builders") and as subrogee of New England Truck Tire Centers, Inc. ("NE Truck") and as subrogee of ADS Properties, Inc. ("ADS") in writing and under oath within 30 days following service hereof.

**DEFINITIONS**

1.     "Century" shall mean Century Surety Company, and any of its agents, employees, successors, assigns, or any other person or entity acting on its behalf.

2.     "Acadia" shall mean Acadia Insurance Company, and any of its predecessors, successors, parents, subsidiaries, divisions or affiliates, and its respective officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

1

3.      "C&F" shall mean Crum & Forster Specialty Insurance Company, and any of its predecessors, successors, parents, subsidiaries, divisions or affiliates, and its respective officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

4.      "SBP Builders" shall mean SBP Builders LLC, and any of its predecessors, successors, parents, subsidiaries, divisions or affiliates, and its respective officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

5.      "SBP PM" shall mean SBP Property Management LLC, and any of its predecessors, successors, parents, subsidiaries, divisions or affiliates, and its respective officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

6.      "NE Truck" shall mean New England Truck Tire Centers, Inc., and any of its predecessors, successors, parents, subsidiaries, divisions or affiliates, and its respective officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

7.      "ADS" shall mean ADS Properties, Inc., and any of its predecessors, successors, parents, subsidiaries, divisions or affiliates, and its respective officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

8.      The "Century Policy" shall mean commercial general liability insurance policy number CCP 1096813 issued by Century to SBP Builders and SBP PM during the November 1, 2022 to November 1, 2023 policy period.

9. The "C&F Policy" shall mean commercial general liability insurance policy number BAK-53731-4 issued by C&F to SBP Builders during the August 23, 2022 to August 23, 2023 policy period.

10. "Building" shall mean the building located at the premises of 431-433 Cottage Street, Littleton, New Hampshire 03561.

11. The "Subrogation Action" shall mean the now-settled case captioned *Acadia a/s/o New England Truck Tire Centers, Inc. and Acadia Insurance Company a/s/o ADS Properties, Inc. and New England Truck Tire Centers, Inc. and ADS Properties, Inc. v. SBP Builders, LLC*, Case No. 1:25-cv-00092-SE-TSM, filed in the United States District Court for the District of New Hampshire.

12. "Documents" shall mean, without limitation, any written or printed paper or matter of every kind or description, whether in hard-copy, digital or electronic format, draft or final form, original or reproduction, including without limitation, correspondence, electronic mail, letter, facsimile, cable, report, record, letter, memorandum, including interoffice memoranda, invoice, addenda, agreements, announcements, applications, certificates, contracts and subcontracts, daily reports, diaries, electronically stored information, employee files, reports, images, messages, minutes, notes, proposals, recordings, telephone conversations, transcripts, warranties, writings, or any other data or data compilations stored in any medium from which information can be obtained or translated into a reasonably usable form, or any other materials similar to any of the foregoing, however denominated, including all non-identical versions of such documents, which are in the possession, custody, or control of the party upon whom this discovery is served, or to which that party can otherwise obtain access.

13. "Communication" or "Communications" shall mean any oral or written utterance or exchange of words, thoughts or ideas to any other person, whether person to person, in groups,

by telephone, by letter, by facsimile, by email, or by any other process, electric, electronic or otherwise.

14.    "You" shall mean Acadia, its predecessors, successors, parents, subsidiaries, divisions or affiliates, and its respective officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

15.    "Person" shall mean any individual, corporation, partnership, joint venture, firm, associations, proprietorship, governmental agency, board, authority, commission, representative, employee, agent, broker, servant, attorney, or other entity.

16.    "Identify" or "identification,"

a.    when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, its principal place of business.

b.    when used with respect to a document, means to state the general nature of the document (i.e., letter memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

c.    when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversations, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

17.    "Related to," "relating to," "in relation to," "regarding," and "concerning" shall mean in relation to, related to, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, describing, constituting, supporting, contradicting, or having any logical or factual connection with the matter identified, in whole or in part.

18.    "All" refers to any and all, and the term "any" likewise refers to any and all.

19.    The singular includes the plural and vice versa. The masculine includes the feminine and neutral genders. The past tense includes the present tense where the clear meaning is not distorted by the change of tense.

20.    "And" or "or" shall be interpreted to mean "and/or" so that said terms are given their broadest possible meaning.

## INSTRUCTIONS

1.    These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and unless privileged, attorneys. It is intended that the following discovery requests will not solicit any information protected either by the attorney/client privilege or work product doctrine which was created or developed by, counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible of a construction which calls for the production of such information, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such information.

2.    These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonally if further or different information is obtained with respect to any Interrogatory.

3.      No part of an Interrogatory should be left unanswered merely because an objection is interposed to another part of the Interrogatory. If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

4.      In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any Interrogatory or part thereof, and information is not provided on the basis of such assertion:

A. In asserting the privilege, the responding party shall, in the objection to the Interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed.

B. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information:

(1) For oral communications:

a.   the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

b.   the date and place of the communication; and

c.   the general subject matter of the communication.

(2) For documents:

a.   the type of document;

b.   the general subject matter of the document;

c.   the date of the document; and

d.   such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of

the document and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5.      If the responding party elects to specify and produce business records in answer to any Interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

6.      If, in answering these Interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

**INTERROGATORIES**

1.    Identify the names, addresses, and job titles of all persons who provided the answers or information in response to these Interrogatories, including identification of each Interrogatory to which such person provided the answer or information, in whole or in part.

**ANSWER:**

2.    Identify the names, addresses, and job titles of all persons and/or entities for whom SBP Builders was staining doors and/or door jams on the date of the subject fire, March 13, 2023.

**ANSWER:**

3.    Identify the names, addresses, and job titles of all persons who participated in settlement discussions, settlement-related communications, and/or otherwise participated in the settlement of the Subrogation Action and set forth the knowledge possessed by each such person.

**ANSWER:**

4.    Describe the relationship between SBP Builders, SBP PM, and SBP Investments as it existed in 2023.

**ANSWER:**

5.    Identify each entity or individual that SBP Builders was in contract with to perform work or services that was in effect on or around the date of the subject fire on March 13, 2023, and identify: (a) the scope of the work to be performed under the contract, (b) the effective dates of the contract, and (c) the location(s) where such work or services were to be performed.

**ANSWER:**

6.    Identify each entity or individual that SBP PM was in contract with to perform work or services for that was in effect on or around the date of the subject fire on March 13, 2023, and identify: (a) the scope of the work to be performed under the contract, (b) the effective dates of the contract, and (c) the location(s) where such work or services were to be performed.

**ANSWER:**

7. Identify all persons with knowledge of SBP Builders' assignment of rights to Acadia and set forth the knowledge possessed by each such person.

   **<u>ANSWER</u>:**

8. Set forth how damages were calculated in the Subrogation Action and provide all supporting documentation.

   **<u>ANSWER</u>:**

9. Identify and describe any and all: (a) claim file documents for the property damage claim submitted to Acadia, (b) cause and origin investigations, (c) reports conducted regarding the subject fire and/or the property damage, and (d) other evaluations regarding the value of the property damage claim and payment made by Acadia.

   **<u>ANSWER</u>:**

10. Identify the individual with the most knowledge regarding the subject claim made to Acadia and the contents of the Acadia claim file.

    **<u>ANSWER</u>:**

11. Identify all fire departments that reported to or investigated the fire at the Building on March 13, 2023 and/or March 14, 2023 and state whether a formal written report was prepared.

    **<u>ANSWER</u>:**

12. Identify all persons who were involved with the procurement of the Century Policy and the C&F Policy and set forth the knowledge possessed by each such person.

    **<u>ANSWER</u>:**

13. Explain the basis for SBP Builder's and SBP PM's decision to secure two separate policies of insurance from Century and C&F.

    **<u>ANSWER</u>:**

14. Set forth whether the Building had a fire suppression and sprinkler system in place on March 13, 2023.

    **<u>ANSWER</u>:**

15.     Set forth the basis for Your position that SBP Builders is entitled to coverage under the Century Policy for the claims asserted against it in the Subrogation Action.

        **ANSWER:**


DATED: April  9, 2026                                    Respectfully Submitted,

                                                         CENTURY SURETY COMPANY

                                                         By:_____
                                                               Allyson L. Moore, Esq.


**SULLOWAY & HOLLIS, P.L.L.C.**
Sarah S. Murdough, Esq.
Attorney ID: 10599
Allyson L. Moore, Esq.
Attorney ID: 272208
9 Capitol Street
Concord, NH 03301
(603) 223-2800
smurdough@sulloway.com
amoore@sulloway.com
*Attorneys for Plaintiff*
*Century Surety Company*

**WEBER GALLAGHER SIMPSON**
**STAPLETON FIRES & NEWBY LLP**
Denise M. DePekary, Esq.
Admitted *Pro Hac Vice*
ddepekary@wglaw.com
Kathleen M. Devlin, Esq.
Admitted *Pro Hac Vice*
kdevlin@wglaw.com
*Attorneys for Plaintiff*
*Century Surety Company*