**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

----------------------------------------------------------------X

CENTURY SURETY COMPANY,

                    Plaintiff,                    Civil Action No.: 1:25-cv-00425-LM-TSM

   -against-

ACADIA INSURANCE COMPANY AS
ASSIGNEE OF SBP BUILDERS LLC AND
ACADIA INSURANCE COMPANY A/S/O
NEW ENGLAND TRUCK TIRE
CENTERS, INC. AND A/S/O ADS
PROPERTIES, INC.,

                  Defendants.

----------------------------------------------------------------X

**CENTURY SURETY COMPANY'S FIRST REQUEST FOR DOCUMENTS TO ACADIA INSURANCE COMPANY AS ASSIGNEE OF SBP BUILDERS LLC AND ACADIA INSURANCE COMPANY A/S/O NEW ENGLAND TRUCK TIRE CENTERS, INC. AND A/S/O ADS PROPERTIES, INC.**

Century Surety Company ("Century"), by their undersigned counsel, pursuant to Federal Rule of Civil Procedure 34, hereby propounds the following Document Requests to be answered by Acadia Insurance Company ("Acadia") as assignee of SBP Builders LLC ("SBP Builders") and as subrogee of New England Truck Tire Centers, Inc. ("NE Truck") and as subrogee of ADS Properties, Inc. ("ADS") in writing and under oath within 30 days following service hereof.

**DEFINITIONS**

1.     "Century" shall mean Century Surety Company, and any of its agents, employees, successors, assigns, or any other person or entity acting on its behalf.

2.     "Acadia" shall mean Acadia Insurance Company, and any of its predecessors, successors, parents, subsidiaries, divisions or affiliates, and its respective officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

3.     "C&F" shall mean Crum & Forster Specialty Insurance Company, and any of its

1

predecessors, successors, parents, subsidiaries, divisions or affiliates, and its respective officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

4.     "SBP Builders" shall mean SBP Builders LLC, and any of its predecessors, successors, parents, subsidiaries, divisions or affiliates, and its respective officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

5.     "SBP PM" shall mean SBP Property Management LLC, and any of its predecessors, successors, parents, subsidiaries, divisions or affiliates, and its respective officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

6.     "NE Truck" shall mean New England Truck Tire Centers, Inc., and any of its predecessors, successors, parents, subsidiaries, divisions or affiliates, and its respective officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

7.     "ADS" shall mean ADS Properties, Inc., and any of its predecessors, successors, parents, subsidiaries, divisions or affiliates, and its respective officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

8.     The "Century Policy" shall mean commercial general liability insurance policy number CCP 1096813 issued to SBP Builders and SBP PM during the November 1, 2022 to November 1, 2023 policy period.

9.     The "C&F Policy" shall mean commercial general liability insurance policy number BAK-53731-4 issued to SBP Builders during the August 23, 2022 to August 23, 2023 policy period.

10. "Building" shall mean the building located at the premises of 431-433 Cottage Street, Littleton, New Hampshire 03561.

11. The "Subrogation Action" shall mean the now-settled case captioned *Acadia a/s/o New England Truck Tire Centers, Inc. and Acadia Insurance Company a/s/o ADS Properties, Inc. and New England Truck Tire Centers, Inc. and ADS Properties, Inc. v. SBP Builders, LLC*, Case No. 1:25-cv-00092-SE-TSM, filed in the United States District Court for the District of New Hampshire.

12. "Documents" shall mean, without limitation, any written or printed paper or matter of every kind or description, whether in hard-copy, digital or electronic format, draft or final form, original or reproduction, including without limitation, correspondence, electronic mail, letter, facsimile, cable, report, record, letter, memorandum, including interoffice memoranda, invoice, addenda, agreements, announcements, applications, certificates, contracts and subcontracts, daily reports, diaries, electronically stored information, employee files, reports, images, messages, minutes, notes, proposals, recordings, telephone conversations, transcripts, warranties, writings, or any other data or data compilations stored in any medium from which information can be obtained or translated into a reasonably usable form, or any other materials similar to any of the foregoing, however denominated, including all non-identical versions of such documents, which are in the possession, custody, or control of the party upon whom this discovery is served, or to which that party can otherwise obtain access.

13. "Communication" or "Communications" shall mean any oral or written utterance or exchange of words, thoughts or ideas to any other person, whether person to person, in groups, by telephone, by letter, by facsimile, by email, or by any other process, electric, electronic or otherwise.

14. "You" shall mean Acadia, its predecessors, successors, parents, subsidiaries, divisions or affiliates, and its respective officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

15.     "Person" shall mean any individual, corporation, partnership, joint venture, firm, associations, proprietorship, governmental agency, board, authority, commission, representative, employee, agent, broker, servant, attorney, or other entity.

16.     "Identify" or "identification,"

a.      when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, its principal place of business.

b.      when used with respect to a document, means to state the general nature of the document (i.e., letter memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

c.      when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversations, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

17.     "Related to," "relating to," "in relation to," "regarding," and "concerning" shall mean in relation to, related to, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, describing, constituting, supporting, contradicting, or having any logical or factual connection with the matter identified, in whole or in part.

18.     "All" refers to any and all, and the term "any" likewise refers to any and all.

19.     The singular includes the plural and vice versa. The masculine includes the feminine

4

and neutral genders. The past tense includes the present tense where the clear meaning is not distorted by the change of tense.

20.    "And" or "or" shall be interpreted to mean "and/or" so that said terms are given their broadest possible meaning.

## INSTRUCTIONS

1.    You are required, in responding to these requests, to obtain and furnish all information available to you and any of your representatives, employees, agents, brokers, servants, and/or attorneys, and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents, brokers, servants, and/or attorneys. Pursuant to Federal Rule of Civil Procedure 26(e)(1), upon discovery that your responses to these requests are not correct or complete, you are required to provide supplemental documents.

2.    The documents produced in response to this request shall include all attachments and enclosures.

3.    Please set forth all reasons for any objection and furnish documents responsive to the remainder of the request.

4.    All documents called for by these requests for which you claim a privilege or statutory authority as a ground for non-production shall be listed chronologically in a privilege log containing the document request number in addition to the following information:

a.    The place, date and manner of recording or otherwise preparing the document;

b.    The name and title of the sender;

c.    The identify of each person or persons (other than clerical assistants) participating in the preparation of the document;

d.    The identify of each person to whom the contents of the document have heretofore

5

been communicated by copy, exhibition, sketch, reading or substantial summarization, the dates of said communication, and the employer and title of said person at the time of said communication;

e.      Type of document;

f.      Subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and

g.      Factual and legal basis for claim, privilege, or specific statutory or regulatory authority which provides the claimed ground for non-production.

5.      Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the requests for production.

6.      To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them. If any documents herein requests have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date, and subject matter. With respect to any document requests which was once in your possession, custody, or control, the manner in which it ceased, and the name and address of its present custodian.

## DOCUMENT PRODUCTION REQUESTS

1.    Acadia's claim file for the claims at issue in the Subrogation Action.

**RESPONSE:**

2.    A certified copy of the full policy Acadia issued to NE Truck bearing policy number CPA 0349108-22 and in effect on the date of the subject fire, March 13, 2023.

**RESPONSE:**

3.    All Documents and/or Communications with counsel for SBP Builders in the Subrogation Action.

**RESPONSE:**

4.    All Documents and/or Communications regarding the relationship between SBP Builders and SBP PM.

**RESPONSE:**

5.    Copies of all construction contracts that SBP Builders had in effect on or around the date of the subject fire, March 13, 2023.

**RESPONSE:**

6.    Copies of all property management contracts that SBP PM had in effect on or around the date of the subject fire, March 13, 2023.

**RESPONSE:**

7.    Copies of all materials and information relating to the staining work being performed at the Building on the date of the subject fire, March 13, 2023, including but not limited to all: (a) contracts, (b) work orders, (c) requests, (d) communications, and (e) other documents.

**RESPONSE:**

8.    Copies of all: (a) claim file documents for the property damage claim submitted to Acadia, (b) cause and origin investigations, (c) reports conducted regarding the subject fire and/or the property damage, and (d) other evaluations regarding the value of the property damage claim

and payment made by Acadia.

**RESPONSE:**

9. All Documents and/or Communications regarding SBP Builders' assignment of rights to Acadia following settlement of the Subrogation Action.

**RESPONSE:**

10. All Documents and/or Communications regarding the settlement of the Subrogation Action.

**RESPONSE:**

11. All Documents and/or Communications obtained from any and all fire departments that reported to the fire at the Building on March 13, 2023 and/or March 14, 2023.

**RESPONSE:**

12. All discovery from the Subrogation Action, including but not limited to deposition transcripts, expert reports, responses to interrogatories, and documents exchanged.

**RESPONSE:**

13. All pleadings from the Subrogation Action.

**RESPONSE:**

14. All deeds reflecting who owned the Building on or around the date of the subject fire, March 13, 2023.

**RESPONSE:**

15. All leases reflecting who leased space at the Building on or around the date of the subject fire, March 13, 2023.

**RESPONSE:**

16. All Documents and/or Correspondence supporting the calculation of damages at issue in the Subrogation Action.

**RESPONSE:**

17.    All Documents and/or Correspondence regarding any fire code violations, compliance concerns, or related warnings at the Building for the past 10 years.

**RESPONSE:**

18.    All documents that support Your affirmative defenses.

**RESPONSE:**

19.    All communications with and documents exchanged between SBP Builders and/or SBP PM and any person or entity, including insurance agents or brokers regarding the Century Policy.

**RESPONSE:**

20.    All communications with and documents exchanged between SBP Builders and/or SBP PM and any person or entity, including any insurance agent or broker regarding the C&F Policy.

**RESPONSE:**

21.    All communications with and documents exchanged between SPB Builders, SBP PM, and/or any broker regarding the procurement of the C&F Policy and/or the Century Policy.

**RESPONSE:**

DATED: April 9, 2026                              Respectfully Submitted,

                                                CENTURY SURETY COMPANY

                                                By: _____
                                                        Allyson L. Moore, Esq.

**SULLOWAY & HOLLIS, P.L.L.C.**
Sarah S. Murdough, Esq.
Attorney ID: 10599
Allyson L Moore, Esq.
Attorney ID: 272208
9 Capitol Street
Concord, NH 03301
(603) 223-2800
smurdough@sulloway.com
amoore@sulloway.com
*Attorneys for Plaintiff*
*Century Surety Company*

**WEBER GALLAGHER SIMPSON**
**STAPLETON FIRES & NEWBY LLP**
Denise M. DePekary, Esq.
Admitted *Pro Hac Vice*
ddepekary@wglaw.com
Kathleen J. Devlin, Esq.
Admitted *Pro Hac Vice*
kdevlin@wglaw.com
*Attorneys for Plaintiff*
*Century Surety Company*